## MARGARET WALKER *et al.*

*v.*

## NOAH L. DIEHL.

1. ADMINISTRATOR—*power to sell real estate.* An administrator derives his power to sell real estate to pay debts from the statute, and unless the petition shows a state of facts contemplated by the statute to authorize a sale, and such state of facts is sustained by the proof, a decree of sale can not be maintained.

2. The lands of one dying intestate descend to the heirs. The administrator takes no estate or title therein. He has only a bare naked power to sell the land for the payment of such debts as were in existence at the time of the death of the decedent, in case the personal property is insufficient.

3. An administrator can not make debts incurred in the settlement of the estate, alone, the foundation for a decree to sell real estate.

4. SAME—*petition to sell real estate—what must be shown.* A decree of sale of real estate by an administrator, unless the petition avers, and the proof sustains the averment, that the decedent, at the time of his death, left debts that were legally chargeable upon his estate, will not be upheld.

5. It appeared, from the petition and proof, that no assets came to the hands of the administrator, but that he had paid out of his own funds taxes on real estate, insurance, court costs, etc.: *Held*, that these items were not legitimate charges against the estate, and a decree for a sale of land to pay them could not be sustained.

6. SAME—*not his duty to pay claims until allowed by the county court.* As a general rule, it is no part of an administrator's duty to pay a claim against an estate until the creditor presents it to the county court, proves it and the court allows it.·

7. Where an administrator pays a claim before it is allowed by the court, he does so at his peril, and he must take the risk of proving it and getting it allowed, the same as any other creditor.

8. Where the petition and proof show that the only legitimate claim paid by an administrator was the funeral expenses of the deceased, and that there is no personal property, but it does not appear that such claim was proved, and allowed by the county court, a decree for the sale of real estate by the administrator to pay the same can not be upheld.

APPEAL from the County Court of Livingston county; the Hon. ROBERT R. WALLACE, Judge, presiding.

Messrs. PEARRE & MCILDUFF, and Mr. J. L. DUNLOP, for the appellants.

Mr. WM. H. BRADBURY, and Mr. MARTIN I. BROWER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a decree rendered in the county court of Livingston county, ordering the sale of certain real estate to pay an alleged indebtedness of the estate of one U. S. G. Diehl, deceased.

The petition was filed by appellee, administrator of the estate of the deceased, against appellants, Thomas Hamlin, Margaret Walker and Jesse Walker. Appellee was also made a party defendant, as grantee of one of the heirs of the deceased.

At the November term, 1874, of the county court, the appearance of appellee was entered, and appellants having failed to answer the petition, a default was taken as to them, and a decree of sale entered. At the same term, appellants appeared, and entered a motion to set aside the default, and for leave to answer. The court denied the motion, and appellants bring the record here by appeal.

Several questions have been raised by appellants, and discussed, for the purpose of reversing the decree, but the only point presented by the record which we deem it necessary to consider, is, whether the averments of the petition, and the evidence introduced to sustain them, are sufficient to sustain the decree of sale.

An administrator derives his power to sell lands to pay debts from the statute, and unless the petition shows, by proper averments, the existence of a state of facts contemplated by the statute to authorize a sale, and those averments are sustained by proof, a decree of sale can not be sustained.

The lands of one dying intestate descend to the heir. The administrator takes no estate or title in the lands. He has

only a bare naked power to sell the lands for the payment of debts existing at the time of the death of the decedent, in case the personal property is insufficient.

We understand the law to be well settled that real estate can only be sold, in a proceeding of this character, to liquidate debts which were in existence at the time of the death of the decedent. *Fitzgerald* v. *Glancy,* 49 Ill. 465.

An administrator can not contract or incur indebtedness in the settlement of an estate, and make such indebtedness alone the foundation for a decree to sell real estate. If such was declared to be the law, landed estates would be at the peril of reckless and designing administrators, who might, in many instances, waste them in the payment of costs and commissions accruing during a negligent settlement of an estate.

The policy of the law can not uphold a decree of sale, unless the petition avers, and the proof sustains the averment, that the decedent, at the time of his death, left debts that were legally chargeable upon his estate.

The averments in the amended petition as to the indebtedness upon which the court decreed the sale of lands, were, in substance, "that the claims allowed against said estate amount to $128.48, as appears by the final report of your petitioner and the records of this court, and that, in addition thereto, your petitioner has a just claim against said estate, for expenses necessarily incurred by him in behalf of said estate, of $27.65, specified and included in said report, which has been approved by the court, to which should be added about $50, for costs of administration and this proceeding."

It will be observed that the petitioner refers to a report which contains the evidence of the claims allowed against the estate, and the bill of exceptions shows the report was offered in evidence. Upon an examination, however, of this final report, it does not seem to favor the theory of appellee, but, on the other hand, it shows conclusively that no case exists to authorize the court to order the sale of lands.

The final report shows that no assets have come to the possession of the administrator. It, then, discloses the fact that the administrator has paid out of his own funds various items, amounting, in the aggregate, to the sum of $156.13, and that the estate is indebted to him, on account of such payment, the amount of money thus expended.

The items constituting the $156.13 are, taxes on real estate, insurance, costs in an ejectment suit, costs paid in the county court, etc.

In the whole list of items, we find but one that could properly be regarded as a legitimate charge against the estate, and that is the sum of $30 paid for funeral expenses, but whether this was presented and allowed as a claim against the estate, does not appear. As a general rule, it is no part of the duty of an administrator to pay a claim against an estate until the creditor presents the claim to the county court, proves it and the court allows the demand. Should the administrator pay a claim before it is allowed by the court, he does so at his peril, and he must take the risk of proving up the claim and getting it allowed, the same as any other creditor.

As to the items for taxes, insurance and costs paid in ejectment suits, we are aware of no authority which would authorize the administrator to pay either, and hold the estate liable to refund the money.

Upon a careful examination of the whole record, we are satisfied, under the allegations of the petition and the evidence, the decree can not be sustained.

The decree will therefore be reversed, and the cause remanded, with directions to the county court to set aside the default, and allow appellants to answer the petition, and proceed with the cause consistently with this opinion.

*Decree reversed.*