ROGERS v. GILLETT ET AL.

1. **Statute of Limitations:** ESTATE: DISTRIBUTION OF. Where by the terms of an agreement between the heirs of a decedent certain of the heirs were to receive an additional allowance upon final distribution of the estate, it was held that such distribution related to real as well as personal estate, and that a claim for such allowance set up in an action for the partition of the last remaining real estate of the decedent was not barred by the statute of limitations, although more than ten years had elapsed since the making of the agreement.

2. ——: ——. The claim for such additional allowance was not one that could be proved against the estate, and which would therefore be barred if not filed within a year from granting the administration.

*Appeal from Des Moines Circuit Court.*

SATURDAY, JUNE 11.

ACTION for the partition of two parcels of real estate, one containing forty and the other twenty acres, belonging to Comfort Gillett at his decease, in 1864. The said Comfort left surviving him seven daughters and two sons, all of whom, or their heirs, are parties to this action. The plaintiff claims to be entitled to the one-ninth part of said real estate. The petition states that one of the tracts was the homestead of said Comfort Gillett at the time of his death, and that his widow elected to hold and occupy said homestead for and during her life; that she did so, and died in 1870; that Delos A. Gillett has conveyed his interest in the real estate to Mary Gillett. This action was commenced in March, 1880, and the defendants Delos A. and W. H. Gillett alone answered the petition. They admitted the real estate was inherited from Comfort Gillett, and it was alleged he had executed a written instrument as his last will, which was filed for probate in the proper court; that by the terms of said will the said Delos and W. H. Gillett were to receive a larger portion of the estate than the other legatees, and that the latter executed a written agreement whereby it was provided if

said will was set aside and declared inoperative they would allow the said Delos and W. H. Gillett two hundred dollars more than their shares otherwise would be, the same to be deducted pro rata from the shares of heirs other than the answering defendants. The said will was set aside by the proper tribunal, and all the estate, real and personal, of said Comfort Gillett, except that sought to be partitioned, has been disposed of, and the partition sought in this action is the final distribution of the estate; that the real estate is of such a character that it cannot be divided, but will have to be sold. Whereupon the said defendants claim they are entitled to the amount due them under the written agreement, that the same be adjudged a lien on the real estate, and they also ask general relief.

A demurrer to the answer was sustained, and defendants electing to stand thereon a decree was entered and they appeal.

*John C. Power*, for appellants.

*Hall & Huston*, for appellee.

SEEVERS, J.—The plaintiff and the other daughters of Comfort Gillett executed, in 1866, the written agreement referred to in and made a part of the answer, and thereby it was provided in the event the instrument purporting to be the will of said Comfort was set aside: "We will allow proportionately out of the portion coming to us, the daughters of said Comfort, enough to make two hundred dollars to W. H. Gillett and D. A. Gillett, each. In other words said W. H. and D. A. Gillett shall receive on final distribution each two hundred dollars more than what his distributive share would otherwise be."

1. STATUTE OF limitation: estate: distribution of.

One ground of the demurrer in substance was that the relief asked in the answer is barred by the general statute of limitations. By this we understand the claim to be the cause of action was barred in ten years after it accrued, and that on

the face of the pleadings it appeared such time had elapsed when the action was commenced. As to this we have to say:

I. The allowance was to be made at the time the final distribution was made. Until then the defendants were not entitled to anything under the agreement. It would seem to follow no right of action accrued until that time. It is alleged in the answer this proceeding is such final distribution, but this possibly may be a legal conclusion. Conceding this, there is no allegation in either the petition or answer that there ever has been such distribution unless this proceeding can be so regarded. Therefore it would seem to follow the demurrer on this ground was improperly sustained. It is said by counsel for the appellee that real estate is never distributed, but descends to the heirs, and that, therefore, it must have been contemplated the allowance was to be made out of, and when the final distribution of, the personal estate was made; that this cannot be now done because administration is barred in five years, and more than this time has elapsed since the death of Comfort Gillett.

Distribution has been defined to be the "division of an intestate's estate according to law." 1 Bouvier's Law Dictionary, 438. The estate of a deceased person may consist of both real and personal property, or it may include the former only, and there is no allegation in the pleadings that there was any personal property. We do not think the words final distribution should be construed in a strictly technical sense, but the intent was whenever final distribution of the estate was made the defendants should be entitled to the allowance. But it is urged the defendants could have applied for a partition of the real estate immediately after the agreement was executed, and have the allowance made them in that action if it can be done now, and, therefore, the bar of the statute is complete. Such evidently was not the intent of the parties at the time the agreement was made. But conceding the defendants could have brought an action for the partition of the real estate they did not obtain such right by virtue of the

agreement. It existed independently of any contract made by the parties, nor were their rights under the agreement in any manner affected by their failure to ask a partition of the real estate. It is sufficient to say it does not appear on the face of the pleadings that final distribution of the estate has taken place ten years preceding the commencement of this action.

II. Another ground of the demurrer was the answer " sets up a claim which was a proper one to have been filed against the estate of Comfort Gillett within a year after granting letters of administration, and is, therefore, barred by the statute limiting the time for filing claims against estates." To this counsel for appellant responds by insisting the agreement and the allowance therein contemplated could not constitute a claim against the estate, because the contract was executed subsequent to the death of the intestate, and that every claim against an estate must be based on a contract or tort of the intestate; and this, we think, must be so.

III. The remaining ground of the demurrer was that "the pleadings show the plaintiff is seeking to partition the homestead, and by statute it is held exempt from any antecedent debts of their parents or their own."

It is sufficient to say that only one of the parcels of real estate sought to be partitioned constituted the homestead. Counsel for the appellee insist the allowance provided for in the agreement is a mere personal contract of the heirs, does not constitute a lien on the real estate, and cannot be enforced in this action because no such counter-claim can be pleaded herein. Code, § 3277.

The demurrer presents no such question, and therefore it could not have been considered in the court below and cannot be on this appeal.

REVERSED.