Lynch v. Hickey.

JOHN LYNCH ET AL.

v.

PATRICK C. HICKEY, Adm'r, etc.

1.   JURISDICTION.—In a petition by an executor for an order to sell real estate for the payment of debts, an appeal lies from the probate court to the appellate.

2.   SUFFICIENCY OF PETITION TO SELL REAL ESTATE.—Where a petition stated that the debts and demands against the estate of the decedent amounted to $1,350.30 but wholly failed to state the amount

of claims allowed, or whether any claims had been allowed, and failed to give any estimate of the amount of just claims to be presented, or to state whether there were any just claims unpresented. *Held*, that such a petition is not sufficient to support an order of sale. The proceeding to subject the lands of a decedent to sale for the payment of his debts is purely statutory, and the provisions of the statute prescribing what facts must be set forth in the petition are clearly mandatory and must be substantially complied with.

3. AWARD—ADMISSIONS.—Where the evidence tended to show that an award was made something over six months after the appraiser's warrant and appraisement bill had been returned by the appraisers and filed in the probate court, and it was urged that at the time the award was made, the warrant was *functus officio* and as the record showed no subsequent order or authority from the probate court to the appraisers to proceed to make an award, in making it the appraisers were not acting officially. *Held*, that while this view might be entitled to some consideration, the admissions of appellants that said award was made out and returned into court by the appraisers of the es'ate, dispensed so far as appellants were concerned with further proof of the official character of the persons who made and certified the award.

4. AWARD IN FAVOR OF CHILDREN.—The widow's award is a claim against the estate for which, in case of a deficiency of personal assets, the real estate of the decedent may be sold. Where there is no widow and the award is made in favor of the children, the same rule applies.

5. DUTY OF ADMINISTRATOR.—As a general rule it is no part of an administrator's duty to pay a claim against an estate until the creditor presents it in court, proves it and has it allowed, and where an administrator pays it before it is allowed he does so at his peril and must take the risk of proving it and getting it allowed the same as any other creditor.

6. RIGHTS OF THIRD PARTIES.—In proceedings of this kind the administrator can sell only the rights in the land which the decedent had at the time of his death, and rights outstanding in third parties are in no way affected by the decree and sale. It is not necessary to make such third parties, parties to the suit.

APPEAL from the Probate Court of Cook county; the Hon. JOSHUA C. KNICKERBOCKER, Judge, presiding. Opinion filed June 27, 1883.

Messrs. M. A. RORKE & SON and Mr. ANDREW M. RORKE, for appellants; as to the right to appeal to the appellate court, cited Eager v. Eager, 8 Bradwell, 256.

The questions sought to be raised by appellants on the hearing in court below, and there denied them, can be raised in this court by their appeal and under the errors assigned

Lynch v. Hickey.

upon the record in their behalf: Smith v. Newland, 40 Ill. 100; C. A. W. Co. v. C. M. L. I. Co. 57 Ill. 424; Swift v. Castle, 23 Ill. 209; Goeppner v. Leitzelmann, 98 Ill. 409; Marshall v. Rose, 86 Ill. 374; Gibson v. Gibson, 82 Ill. 61; Miller v. Miller, 82 Ill. 463.

Before an administrator can obtain an order to sell real estate to pay debts, the claims must be regularly presented and allowed in the county where such application is made: Hobson v. Payne, 45 Ill. 158; Walker v. Diehl, 79 Ill. 473; Fitzgerald v. Glancy, 49 Ill. 465; Davenport v. Young, 16 Ill. 548; Monuhan v. Van Dyke, 27 Ill. 154; Dorman v. Tost, 13 Ill. 127; Stow v. Kimball, 28 Ill. 93.

The probate court had no jurisdiction of the subject-matter for want of a statutory petition: Hurd's R. S. 1881, p. 117, §§ 99, 100; Bowen v. Bond, 80 Ill. 351; Morris v. Hogle, 37 Ill. 150; Munroe v. The People, 102 Ill. 406.

The doctrine of presumptions has no application to jurisdictional facts, in cases of proceeding under a statute: Ayer v. Town of Lake, 11 Bradwell, 564.

The so-called award being a nullity it can be attacked not only in this direct proceeding by appellants but collaterally by any person injured thereby: Hales v. Holland, 92 Ill. 500; Marshall v. Rose, 86 Ill. 374.

The "child's award" was not even a "claim allowed" against decedent's estate, for want of a warrant to the persons styling themselves appraisers: Gibson v. Gibson, 82 Ill. 61; Miller v. Miller, 82 Ill. 463.

In cases where titles may be divested, the general rule requiring all parties in interest to be made parties defendant, is rigidly enforced: Smith v. Rotan, 44 Ill. 506; Prentice v. Kimball, 19 Ill. 320; Lynch v. Rotan, 39 Ill. 14; Alexander v. Hoffman, 70 Ill. 114; Hopkins v. Roseclare Lead Co. 72 Ill. 373; Moore v. Munn, 69 Ill. 591.

The practice in such cases as this shall be the same as in cases in chancery: Hurd's R. S. 1881, §§ 98, 99, p. 117; Prentice v. Kimball, 19 Ill. 320; Conwell v. Watkins, 71 Ill. 488.

Messrs. BUELL & FITCH, for appellees; that it is sufficient

in special proceedings like this, that the jurisdictional facts appear in the petition, in the decree, or in any part of the record, cited Bowen v. Bond, 80 Ill. 351; Madden v. Cooper, 47 Ill. 360; Galena & C. U. R. R. Co. v. Pound, 22 Ill. 414.

Real estate will be sold to pay widow's award: Rector v. Readill, 10 Chicago Legal News, 397.

BAILEY, P. J. This was a petition by Patrick C. Hickey, surviving executor of the last will and testament of James Lynch, deceased, for an order to sell real estate for the payment of debts. The petition avers that the petitioner had rendered to the court a just and true account of the personal estate and debts of the testator; that said personal estate, as appeared from said account, amounted to $910.60; that the debts and demands against his estate amounted to $1,350.30; that there had come into the hands of the petitioner and his co-executor said personal estate to the amount of $910.60, and that said executors had disbursed and paid out upon claims against said estate the sum of $870.80, and had applied all the proceeds of the personal estate in their possession, except the sum of $39.80 to the payment of said debts, as by their accounts and vouchers on file in said court would appear, and that there was a deficiency of personal property to pay the debts of said testator of $421.55, besides the expense of administration and attorneys' fees accrued and to accrue. It is further averred that the testator died seized of a certain piece of real estate reasonably worth $2,500, but incumbered by a deed of trust to one Elias Greenebaum, to secure a note for $400 and interest. The petition makes Patrick J. Lynch and Mary J. Aubin and several others, two of them being infants, the heirs at law of the testator, defendants. All the defendants except Patrick J. Lynch, Mary J. Aubin and the infants were defaulted. The infants answered by their guardian *ad litem*, and said Patrick J. Lynch and Mary J. Aubin filed their answer, averring, among other things, that upon a proper administration of the estate, there would be no deficiency of personal assets to pay the debts of the testator. Upon the hearing on petition, answer, replication and proofs, the court

Lynch v. Hickey.

found that the personal estate of the testator was not sufficient to pay the just claims allowed against his estate, and that the amount of the deficiency was $421.55, and ordered the sale of said real estate for the payment thereof.

The point is made that this court has no jurisdiction of this appeal, for the reason that a freehold is involved. In Eager v. Eager, 8 Bradwell, 356, upon a full review of all the statutes affecting the jurisdiction of this court, we reached the conclusion that, in cases of this character, an appeal lies from the probate court to this court, whether a freehold is involved or not. But we are of the opinion that no freehold is involved within the meaning of section 88 of the Practice Act. The suit is brought merely to subject the real estate of the decedent to the payment of his debts, and a freehold is involved to no greater extent than it is in suit to foreclose mortgages, or to enforce mechanic's liens, or to subject land to sale in any other form for the debts of the owner. In cases of that character, it is well settled that no freehold is involved within the meaning of the statute. Clement v. Reitz, 103 Ill. 315; Hutchinson v. Howe, 100 Id. 11; Pinneo v. Knox, Id. 471; McIntyre v. Yates, Id. 475; Conkey v. Knight, 104 Id. 337; C. B. & Q. R. R. Co. v. Watson, 105 Id. 217. In all such cases the owner of the land has the option to pay the debt and retain his land, and the transfer of the freehold from him to another is not a necessary result of the decree. So in the present case, the defendant to whom the land in question passed by devise or descent, had the option to pay the deficiency found by the decree and thus avoid a sale of the land. It can not be said, then, that the case necessarily involved a freehold.

Among the errors assigned is one which calls in question the sufficiency of the petition. The proceeding to subject the lands of a decedent to sale for the payment of his debts is purely statutory. Section 98 of the statute, in relation to the administration of estates provides, that when an executor or administrator has made a just and true account of the personal estate and debts to the probate court, and it is ascertained that the personal estate of the decedent is insufficient to pay the just claims against his estate, and there is real estate

to which the decedent had claim or title, such real estate or such portion as may be necessary to satisfy the indebtedness of such decedent and the expense of administration, may be sold in the manner in said statute prescribed. Section 99 provides that proceedings for the sale of real estate in such cases shall be commenced by the filing of a petition by the executor or administrator, and section 100 requires that, "the petition shall set forth the facts and circumstances on which the petition is founded, in which shall be stated the amount of claims allowed, with an estimate of the amount of just claims to be presented, and it shall also contain the amount of personal estate which has come to his hands, and the manner in which he has disposed of the same, with a statement of the amount of claims paid."

The petition in the case states that the debts and demands against the estate of the decedent amounted to $1,350.30, but it wholly fails to state the amount of claims allowed or whether any claims had been allowed, and it also fails to give any estimate of the amount of just claims to be presented, or to state whether there were any just claims unpresented. In these respects it fails to meet the statutory requirements.

The provisions of the statute prescribing what facts must be set forth in the petition are clearly mandatory, and unless they are substantially complied with, the petition is not sufficient to support an order of sale. The proceeding seeks to reach lands belonging to heirs and devisees, and the averments of the petition, thus required, are such as will serve to apprise them of the nature and extent of the lien which the executor is seeking to enforce. These provisions are material, and are for the benefit and protection of the owners of the land, and in order to the validity of the proceedings, they must be observed.

As held in Walker v. Diehl, 79 Ill. 473, an administrator derives his power to sell real estate from the statute, and unless the petition shows a state of facts contemplated by the statute to authorize a sale, and such facts are sustained by proof, a decree of sale can not be maintained. It is not sufficient to show, as is done by the petition in this case, that

there are debts and demands against the estate in excess of what the personal assets can satisfy. There may be demands against an estate for which the lands of the decedent are not liable. As held in the case last cited, the indebtedness which can be made chargeable upon real estate must be such as were in existence at the time of the death of the decedent, and were then legally chargeable upon his estate.

The statute prescribes the mode in which the validity of debts and demands against an estate is to be established, and that is, by having them properly presented, proved up and allowed. No claim can be enforced against the lands of the decedent until this is done. In Hobson v. Payne, 45 Ill. 158, a case decided under a statute substantially identical in most respects with the one now in force, it was held, that before an administrator could obtain an order to sell real estate to pay debts, the claims had to be regularly presented and allowed. It follows, then, that the petition in this case not only fails to comply with the statutory mandate, but it also fails to aver sufficiently, the existence of any indebtedness for which lands may be sold.

It is also objected that the evidence fails to sustain the decree. The two principal items of indebtedness which go to make up the amount of $1,350.30, stated in the petition, are an award of $640 made by the appraisers to Catherine E. Lynch, a daughter of the deceased, who was residing with him at the time of his death, and a claim in favor of one Felix Lang upon the note secured by the deed of trust above mentioned for $446. The evidence tends to show that said award was made something over six months after the appraisers' warrant and appraisement bill had been returned by the appraisers and filed in the probate court, and it is urged that, at the time the award was made, the warrant was *functus officio*, and as the record shows no subsequent order or authority from the probate court to the appraisers to proceed to make an award, it is argued that in making it the appraisers were not acting officially. We are not prepared to say that this view might not be entitled to some consideration, were it not for the admissions contained in the answer of Patrick J.

Lynch and Mary J. Aubin, the only parties who have appealed or assigned errors. In said answers it is averred in terms that said award was made out and returned into court by the appraisers of the estate. These admissions, so far at least as the appellants are concerned, dispensed with further proof of the official character of the persons who made and certified the award. A like answer may be made to the objection that as no beneficiary is named in the award it can not be told in whose favor it was intended to be made, as the appellants by their answer expressly admit that the award was made to and for the benefit of Catherine E. Lynch.

Nor can we entertain any doubt that, under the statute, said Catherine E. Lynch was entitled to the award. The deceased at the time of his death was a housekeeper, and the head of a family, consisting of himself, said Catherine E. Lynch, his daughter, and several sons who at the time were all over eighteen years of age. Section 77 of the statute in relation to the administration of estates provides, that when the person dying is, at the time of his death, a housekeeper and the head of a family, and leaves no widow, there shall be allowed to the children of the deceased residing with him at the time of his death (including all males under eighteen years of age and all females), the same amount of property as is allowed by said statute to the widow. The deceased left no widow, and said Catherine E. Lynch was the one, and the only one, entitled to the award. It has been held that the widow's award is a claim against the estate for which, in case of a deficiency of personal assets, the real estate of the deceased may be sold. We see no reason why the same rule should not apply to the award made in favor of the children, where there is no widow.

We find no evidence in the record, outside of the pleadings, that said claim of Felix Lang was ever proved up or allowed by the probate court, but the appellants in their answer distinctly admit that it was so proved up and allowed, and as against them such admission is conclusive. Nor does the fact that said claim is secured by deed of trust on the real estate now sought to be subjected to sale, affect the right of the

creditor to have his claim allowed and paid in due course of administration. He had the option to enforce his deed of trust by foreclosure and sale, or to prove up his claim and obtain payment from the executor, although the latter remedy might necessitate the sale of said land in a proceeding where no redemption is allowed. See People v. Phelps, 78 Ill. 147.

There are some items of indebtedness, however, which seem to us to have been improperly included in the account in making up the deficiency found by the decree. Various items of indebtedness are included which are reported by the executor as having been paid, but which, so far as the evidence shows, were never proved up either by the creditors to whom payment was made, or by the executor after payment, nor do they appear to have ever been allowed by the court. Of this character are the item of $128.45, reported as paid for funeral expenses, and an item of $61 paid to Hardy & Co., on account.

In Walker v. Diehl, *supra*, it is held that as a general rule, it is no part of an administrator's duty to pay a claim against an estate, until the creditor presents it in court, proves it and has it allowed, and where he pays it before it is allowed, he does so at his peril, and he must take the risk of proving it, and getting it allowed, the same as any other creditor. In that case, among the items of indebtedness, for which real estate was sought to be subjected to sale, were funeral expenses paid by the administrator, but which, so far as appeared, had not been proved or allowed by the county court, and it was held that a decree for the sale of real estate by the administrator to pay the same could not be upheld.

But it may be said that, after eliminating from the account the items not proved up, there will still be a deficiency for which a sale must be made. That may be true, but the objections to the decree are not thereby obviated. Upon the plainest principles of equity, before lands which have passed by descent to an heir, can be subjected to sale for the debts of his ancestor, the amount of the debts for which the land is liable, should be precisely ascertained. This is required in order to enable the administrator to sell such portion of the land as may be necessary to satisfy the indebtedness of the de-

cedent, as provided by the statute, and also to enable the heir to prevent a sale by paying the amount with which his land is chargeable.

The point is made that the trustee in the deed of trust, and also the party thereby secured, should have been made parties defendant. This was unnecessary. In proceedings of this kind, the administrator can sell only the rights in the land which the decedent had at the time of his death, and rights outstanding in third parties are in no way affected by the decree and sale.

For the errors in the record above pointed out, the decree will be reversed and the cause remanded.

Decree reversed.