R. GROUSE, Appellee, v. W. L. MOODY, Appellant.

**Limitation of actions.** Where the maturity of a contract for the
1    payment of money depends upon a future contingency, the statute does not commence to run against an action thereon, until the happening of the contingency which matures the obligation.

**Judgment:** AGREEMENT AS TO ENTRY. Under a stipulation that if
2    defendant's demurrer is overruled plaintiffs recovery shall be a certain sum, and defendant elected to stand upon his answer, on the overruling of the demurrer, it was proper to enter judgment for plaintiff for the sum stipulated.

*Appeal    from    Calhoun    District    Court.*— HON.    Z.    A.
CHURCH, Judge.

WEDNESDAY, APRIL 4, 1906.

ACTION to recover a sum of money paid to defendant upon defendant's promise to refund the same in the event a certain note theretofore executed by plaintiff was found by him.   Defendant demurred to the petition, upon the ground that the action was barred by statute.   This demurrer was overruled, and thereafter judgment was rendered against defendant as prayed.   Defendant appeals.— *Affirmed.*

*C. O. Longley,* for appellant.

*M. E. Mack,* for appellee.

DEEMER, J.— In August of the year 1891 plaintiff executed a note to the executrix of an estate, which note was thereafter placed by the payee in the hands of the defendant, an attorney at law and also a private banker for collection.   And in October of the same year plaintiff paid the amount of the note to defendant and received the same from him.  Within a few months thereafter, defendant induced plaintiff to make a new note, representing the same debt, upon a claim that the first note had not been paid, and that the defendant had lost or mislaid the same.   Plaintiff in the meantime had made search for the note, thinking he had paid it, but was unable to find it; although when making the second instrument, and at all times thereafter, he insisted that he had paid the first note.   The second in point of time became due in the year 1898, and defendant was insisting upon the payment thereof; and on August 29th of that year it was agreed between the parties that if plaintiff would pay the second note, after the allowance of a small discount, defendant would repay the amount with interest and all expenses, if plaintiff at any time thereafter found the first note which he claimed he had paid.   Pursuant to this arrangement, plaintiff paid the second note, less the discount; and thereafter, and on or about January 1, 1904, plaintiff discovered the first note, which at all times he

claimed to have paid. Demand was then made upon defendant that he refund the amount paid on the second note, which demand was refused; and this action was then commenced, original notice having been served on the 12th day of January, 1905.

Defendant contends that the action is barred because brought upon his (defendant's) oral promise to pay, which was made more than five years prior to the commencement 1. LIMITATION of suit. Conceding, as we must, that the ac-OF ACTIONS. tion is upon an oral promise or agreement, which is barred if not brought within five years from the time the cause thereof accrued, we have to determine, when did plaintiff's cause of action accrue? Surely he could not have sued the moment he paid the second note. This was not the object or intent of the agreement. According to the allegations of the petition, defendant was to pay the amount if plaintiff at any time found the first note, which he claimed he had paid, and which was marked " paid." It is further alleged that plaintiff did not find this first note so marked until January 1, 1904. Then, and not till then, did defendant's obligation to repay the amount of the second note mature; and the cause of action did not accrue until the first note was found. Plaintiff did not, so far as shown, in any manner delay the running of the statute; and the obligation upon which suit is brought is not one payable on demand. The maturity of the obligation depended upon the happening of a future contingency, to wit, the finding of the first note marked " paid," and the allegation in the petition is that plaintiff for the first time found the note on or about January 1, 1904. There is nothing in the contract sued upon requiring plaintiff to make search for the missing note, but if there had been an express provision to this effect, or one arising by implication, there is nothing in the record showing any such delay or negligence on plaintiff's part as to bring the case within the rule of some of the cases relied upon by appellant. Where

an action is based upon contract, the maturity of which depends upon the happening of a contingency, the cause of action accrues only upon the happening of the contingency. *Rogers v. Gillett,* 56 Iowa, 266.

The contingency in this case was one which might never happen; and there was nothing in the contract which required any search or affirmative act upon plaintiff's part. Of course, one may not as a rule toll the statute through his own neglect, or, by failure to take the necessary steps, to mature an obligation. But there is no showing here of any negligence on plaintiff's part to do anything toward the maturing of the contract. The obligation was to pay in the event plaintiff at any time found the first note; and, until he did so, no cause of action existed. We shall not presume negligence or bad faith on plaintiff's part; indeed, defendant makes no claim of this kind. He plants himself squarely upon the proposition that the statute began to run the very day the promise was made. This, of course, cannot be true; and, in any event, plaintiff would have had a reasonable time to make search for the note. What would be such reasonable time is a question of fact for a jury and not of law for a court. The petition does not on its face show that the action was barred, and the demurrer was properly overruled.

II. It was stipulated by the parties that in the event the demurrer was overruled, plaintiff's recovery should be limited to a certain sum, "to be paid M. F. Mack, attorney for plaintiff, or to the clerk of the court." After the ruling on the demurrer, defendant elected to stand upon his pleading, and judgment was rendered for the amount stipulated. In this there was no error. As sustaining our conclusions on the whole case, see *Goodnow v. Stryker,* 62 Iowa, 221; Wood on Limitations (2d Ed.), section 119, and cases cited.

2. JUDGMENTS: agreement as to entry.

The judgment is right, and it is *affirmed.*