## John McKnelly, Executor, Appellant, v. Nell Conley, Appellee.

1. **Appeal and error**, § 1787*—*when judgment reversed pro forma.* Under the rules of the Appellate Court for the Fourth District, the failure of the appellee to file briefs warrants a reversal pro forma.

2. **Executors and administrators**, § 441*—*when fact that notice of sale of lands is posted only about courthouse square is immaterial.* In a proceeding to sell lands of a decedent to pay debts, the fact that the notices of sale were posted only about the courthouse square was immaterial where it was agreed that the land sold for a fair price and the purchaser had no interest in the sale, except as purchaser, although it might have been better practice to have posted some of the notices in other public places.

3. **Executors and administrators**, § 392*—*what cannot be considered as part of indebtedness of estate.* An unpaid mortgage on lands of a decedent which has not been probated and allowed as a claim against the estate cannot be considered as part of the indebtedness of the estate for the purpose of authorizing the sale of lands to pay debts.

4. **Executors and administrators**, § 445*—*when approval of sale of one of separate tracts of land to pay debts is properly refused.* Where, in a proceeding to sell lands of a decedent to pay debts of the estate, two separate tracts were offered for sale and sold, one tract being paid for in cash and an instalment on the purchase price being paid on the other, the purchaser of the latter thereafter refusing to comply with her bid and demanding the return of the instalment, approval of the sale as to the latter tract is properly refused, and the refund of the instalment paid properly ordered where the amount realized on the sale of the first tract was sufficient to pay all debts allowed, together with the estimated costs and expenses of administration.

5. **Executors and administrators**, § 445*—*when real estate should not be sold to pay debts.* Under the guise of a proceeding to sell real estate of a decedent to pay debts, the court should not authorize the sale of more of the real estate than is reasonably necessary to pay the indebtedness, particularly where the real property is in separate tracts, and where the sale of such tracts may be made without sacrifice to the remaining parcels.

Appeal from the Circuit Court of Clay county; the Hon. J. L.

---

*See Illinois Notes Digest, **Vols. XI to XV,** and **Cumulative Quarterly,** same topic and section number.

BOYLES, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

ROSE & McCOLLUM, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

This is an appeal from a judgment of the County Court of Clay county, approving in part and setting aside in part the report of sale of real estate to pay debts made by appellant as executor of the estate of William A. Conley, deceased.

The record discloses that William A. Conley died November 25, 1915, leaving a last will and testament which was admitted to probate in said County Court. Said testator by the first clause of his will directed the payment of his just debts and funeral expenses. By the second clause thereof he bequeathed to his daughter, Nell Conley, appellee herein, the sum of $10. By the third clause he devised and bequeathed to his daughter, Belle Erwin, and to his grandchildren, Opal and Eula Ella Erwin, the residue of his real and personal property, after the payment of said debts and funeral expenses' and said legacy, his said daughter to take one-half thereof and the two grandchildren to take the other half thereof.

Said deceased died possessed of personal property aggregating the sum of $55.71, and died seized of the east half of the northwest quarter of the northwest quarter of Section 23, and the south half of the southeast quarter of Section 16, all in Town 4 North, Range 7 East, of the third principal meridian in Clay county, said 80-acre tract being subject to a mortgage of $800. Appellant was appointed executor of said will and thereafter filed an inventory of said property. Claims were filed and allowed against said estate to the amount of $543.

In December, 1916, appellant as such executor filed his petition in the County Court of said county for the sale of said above-described real estate to pay debts, making Ollie Henderson, Belle Erwin and Nell Conley, the daughters, and Opal Henderson and Eula Ella Henderson, the granddaughters, and Susan A. Conley, the widow of said deceased, and one Vern Bryant, tenant, and one Franklin Kenley, mortgagee, parties defendant. Service was had on all of said defendants and a guardian *ad litem* was appointed for the infant defendants. Appellant in said petition set forth that the personal estate of said deceased amounted to $55.71; that the claims amounted to $543, and that there were other claims to be presented and allowed amounting to $909.50, being the mortgage with the accrued interest on said above-mentioned 80-acre tract. Thereafter a hearing was had on said petition in said County Court and a decree was entered finding the value of the personal property as above set forth and finding a deficiency in the personal estate necessary to pay the indebtedness against said estate of $1,597.21, besides interest and costs, and finding that it would be necessary to sell said above-described real estate to pay said deficiency and ordered a sale thereof, subject to said above-described mortgage.

Said decree further provided "that said petitioner proceed according to law to advertise and make sale of the real estate above described, or so much thereof as may be necessary to pay the debts now due from said estate, and the costs of administration now due and to accrue"; and further provided the terms on which said sale shall be made.

Thereafter, said executor advertised said above-described real estate for sale under said decree, said 80-acre tract to be sold subject to said above-mentioned mortgage and the accrued interest thereon. On the 14th day of February, 1917, appellant sold said above-mentioned 20-acre tract to William and James Laugh-

ton for the sum of $880, and sold said 80-acre tract to appellee, Nell Conley, subject to said above-mentioned mortgage for $2,850. The purchasers of said 20-acre tract paid the entire purchase price in cash on the day of sale. Appellee Nell Conley paid to appellant the sum of $285 on account of said purchase price, which provided for the purchase price to be paid in instalments if so desired by the purchaser. Appellee Nell Conley refused to comply with her bid. Appellant filed a report of sale of said real estate in the office of the clerk of the County Court, in which he reported the sale of said 20-acre tract for the sum of $880, and that he had received the entire amount of said purchase price; that he had sold said 80-acre tract to appellee Nell Conley for $2,850; that she had paid $285 but refused to pay the balance, and prayed for an order that appellee be summoned to appear in court on a day to be fixed by the court to show cause why she had not complied with her said bid on said real estate, and that in the event of her refusal to comply with said sale for an order of resale of said premises. Objections were filed by appellee Nell Conley to said report, asking that said report be not approved; that said land be readvertised for sale; that said executor be ordered to refund to her said sum of $285. In support of said objection appellee assigns the following: First, that the executor had failed to post notices in four of the most public places in the county as required by law; and second, that the sale of said 20-acre tract to William and James Laughton having been first made and the said purchasers having bid for said tract the sum of $880, and having paid the full amount of said purchase price, the funds received therefrom were sufficient to cover the claims probated against said estate, together with the costs of administration, and that there was no occasion for selling said 80-acre tract and no authority in appellant so to do.

The court overruled the objections so far as they pertained to the selling of said 20-acre tract, but sustained the objections so far as they pertained to said 80-acre tract. The court approved the sale of said 20-acre tract and held null and void the sale of the 80-acre tract and ordered appellant as such executor to refund to appellee Nell Conley the amount she had advanced on said purchase price. To reverse said judgment appellant prosecutes this appeal.

No brief was filed in this case by appellee Nell Conley or by any other of the appellees, and under the rules of this court we would be warranted in reversing said judgment pro forma. However, from an examination of the record, the ends of justice appear to demand that we consider the case on the merits.

The first objection made to said sale, being that the notices were not posted in four of the most public places as required by statute: The notices were posted in different places around the public square of said city, being the square on which the courthouse was located. While we are of the opinion that it might have been the better practice to have posted a part of the notices provided for in public places other than around the public square, at the same time we do not believe that in this particular case appellant is in a position to complain, for the reason that it was agreed by counsel in the case that both tracts of land sold for a fair price and appellee had no interest in the sale of said premises other than as purchaser.

Appellant insists that appellee Nell Conley has no right to complain with reference to the sale of said real estate on any ground, provided the court had jurisdiction of the subject-matter and of the parties, it being contended that the title to said real estate would have vested in appellee upon her having complied with her bid and upon approval of such sale by the court. Without passing on the merit of appellant's contention, we hold that inasmuch as the mort-

gage on the 80-acre tract was never probated and allowed as a claim against said estate, and inasmuch as the sale of said 80-acre tract was ordered to be made subject to said mortgage indebtedness and was so advertised by appellant, said mortgage did not constitute a part of the indebtedness for which a sale of real estate to pay debts should be made. The cost and expenses incident to the administration of said estate as estimated by appellant were only $200, so that the funds derived from the sale of said 20-acre tract were more than sufficient to pay all of the claims probated against said estate, together with the costs of administration. This being true, the County Court of its own motion would have the power, at least when the purchaser of the real estate involved would so consent, to refuse to approve a sale of any real estate belonging to a decedent not necessary to pay the indebtedness. In fact, the decree of the court entered in this case, in effect, only authorizes a sale of enough of said real estate to pay the indebtedness owing by said estate. We do not believe that under the guise of a proceeding to sell real estate to pay debts the court should authorize a sale of more of the real estate of a decedent than is reasonably necessary to raise funds with which to satisfy the indebtedness. At least this would be true where the real estate is in separate tracts and where the sale of such separate tracts may be made without sacrifice to the remaining tracts.

The statute provides that when the executor or administrator has made a just and true account of the personal estate of the decedent to the County Court, and it is ascertained that the personal estate is insufficient to pay the just claims against his estate and there is real estate to which such decedent has claim of title, such real estate or such portion as may be necessary to satisfy the indebtedness of such decedent and the expense of administration may be sold in the manner therein provided. Section 98, Administration

Statute, being section 147, ch. 3, Hurd's Rev. St. (J. & A. ¶ 147).

We therefore hold that the County Court did not err in refusing to approve the sale of the 80-acre tract of land in question for the reason the sale of such land was not necessary to raise funds to pay the indebtedness owing by said estate.

Judgment affirmed.

*Affirmed.*