ESTATE OF EDWARD M. MARBLE, DECEASED, STANDARD TRUST & SAVINGS BANK OF CHICAGO, ET AL., EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40622. Promulgated May 10, 1932.

*J. C. Ristine, Esq.*, for the petitioner.
*Eugene G. Smith, Esq.*, for the respondent.

## OPINION.

BLACK: In the stipulation of facts filed with the Board the petitioner has waived several issues and the respondent has conceded that the item of $5,000 representing the valuation of five $1,000 Eddy Paper Company bonds, included by him in the taxable estate of petitioner, is not taxable for Federal estate tax purposes, pursuant to the provisions of section 303 (a) (2) of the 1924 Revenue Act, having been purchased with the proceeds from the sale of $5,000 par

value Wilson and Company bonds previously taxed within five years prior to the date of death of the decedent, Edward M. Marble. The only remaining issue for decision of the Board is the following:

Did the respondent erroneously include in the gross estate of petitioner, subject to Federal estate tax, an item of $27,500 representing the value of certain real estate situate in the State of Illinois, under the provisions of section 302 of the 1924 Revenue Act?

The applicable provisions of the Revenue Act of 1924 read as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated:

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;

\*     \*     \*     \*     \*     \*     \*

This statute must be construed conjunctively and not disjunctively; in other words, the value of the interest of the decedent is not to be included unless it is (a) " subject to the payment of the charges against his estate " and (b) " the expenses of its administration," and (c) " is subject to distribution as part of his estate "—not one, but all three provisions must be met. *United States* v. *Field*, 255 U. S. 257; *Crooks* v. *Harrelson*, 282 U. S. 55.

At common law, real estate of a decedent was not subject to the payment of his debts, nor to the payment of expenses of administering his estate. This rule of the common law is in force in Illinois, except to the extent it has been modified by statute. It has been modified to some extent, as will be seen by an examination of Smith's Illinois Revised Statutes, ch. 3, par. 99, which is printed in the margin.[1]

From a reading of the article of the Illinois statutes printed in the margin it will be seen that if a decedent leaves debts and his personal property is insufficient to pay them, the executor or administrator may, by complying with the terms of the statute, secure an order of the proper court to sell real estate and out of the proceeds of the sale pay not only the debts of the decedent, but also the expenses of the administration. Upon this point there seems to be no doubt.

---

[1] When the executor or administrator has made a just and true account of the personal estate and debts to the county court, and it is ascertained that the personal esate of a decedent is insufficient to pay the just claims against his estate, and there is real estate to which such decedent had claim to title, such real estate, or such portion as may be necessary to satisfy the indebtedness of such decedent, and the expenses of administration, may be sold in the manner herein provided.

Petitioner seeks to bring the instant case within the rule applied by the Supreme Court to real estate situated in the State of Missouri, in *Crooks* v. *Harrelson, supra*. But the situations are not the same. The Missouri statute modifies the common law rule only to the extent that the real estate is subject to the payment of the debts of the decedent in case decedent's personal property proves insufficient for that purpose. It makes no provision that any part of the costs of administration can be paid out of decedent's real estate. As to administration expenses, the common law rule in Missouri remains unchanged. All this was explained by the court in *Crooks* v. *Harrelson, supra*. As we have already pointed out, the Illinois statute not only provides for the payment of the debts of the decedent out of his real estate, where the personal property is insufficient for that purpose, but also provides for the payment of the costs of administration under the same state of circumstances. *McKnelly* v. *Conley*, 210 Ill. App. 609.

The petitioner cites the case of *Fitzgerald* v. *Glancey*, 49 Ill. 465, in support of its contention that in Illinois real estate can not be sold to pay administration expenses. In that case, the Supreme Court of Illinois held that where, at the time letters of administration are granted, there are no debts existing, and no question of distribution requiring the intervention of an administrator, the expenses of administration are the result of unnecessary interference and can not be regarded such a debt as would justify a proceeding to sell the lands to pay it. Such costs and expenses are not due by the deceased and only arise from the officious and unnecessary intermeddling of the administrator. The court viewed this case as an attempt to pervert the statute relating to the administration and settlement of deceased persons to purposes not contemplated by the statute, and refused to recognize it. The petitioner also cites *Walker* v. *Diehl*, 79 Ill. 473, in which case the Supreme Court of Illinois quoted with approval the rule laid down in *Fitzgerald* v. *Glancey, supra*, and said, " The lands of one dying intestate descend to the heir. The administrator takes no estate or title in the lands. He has only a bare naked power to sell the lands for the payment of debts existing at the time of the death of the decedent, in case the personal property is insufficient."

We have been cited to no Illinois case which holds that real estate can not, in any event, be sold to pay expenses of administration. The above cases cited by petitioner we do not regard as being in point.

Petitioner lays much stress on the fact that in the instant case it has been stipulated by the parties that at the time of the death of the said Edward M. Marble, on August 8, 1925, sufficient personal property was available to pay all the debts and administration expenses of his estate. From this petitioner argues that under the

facts agreed upon it would have been impossible under the Illinois statute to have subjected decedent's real estate to the payment of his debts or any part of the cost of administration because there was ample personal property to meet all such charges and expenses. Therefore, argues petitioner, the rule applied by the Supreme Court in *Crooks* v. *Harrelson, supra,* should apply in the instant case. This same contention was made in *First Trust Co.* v. *Allen,* 51 Fed. (2d) 1069. In that case the decedent at the time of his death owned lands in the States of Missouri, Iowa and Nebraska. The Commissioner included the value of all such lands as a part of decedent's estate. The executors sued for a refund in the District Court of the United States for the District of Nebraska, on the ground that none of decedent's real estate should have been included as a part of his gross estate. The court in its decision excluded the value of the lands situated in Missouri, following *Crooks* v. *Harrelson, supra,* but approved the action of the Commissioner in including the value of lands situated in Iowa and Nebraska. In support of its decision in that respect, the court said:

It appears clear to me that under the Nebraska and the Iowa statutes lands belonging to a decedent at the time of his death are subject to the expenses of its administration and are also subject to distribution as part of his estate. It is true that in the matter of procedure and as concerning only the order in which the different kinds of assets shall be applied in the course of administration, personal property must be used first, and then realty. But both are to be resorted to if necessary. That being so both are " subject " within the meaning of the statute.

It is argued that in particular estates like this one, where there is plenty of personalty, the lands are not " subject " to the charges against the estate or expenses of administration because all such disbursements will be made out of the personalty and the lands will not be so applied. The argument appears to me to be without merit.

We agree with the conclusion of the court on this point and deny petitioner's assignment of error with reference thereto.

The petitioner makes the further contention that the real estate of a decedent in the State of Illinois is not subject to distribution as part of his estate, but descends, *eo instanti* by operation of law, on the heir at law, and no other person is seized thereof for any purpose. In support of its theory that real estate in Illinois is not " subject to distribution " within the meaning of section 302 (a), Revenue Act of 1924, petitioner cites *Hopkins* v. *McCann,* 19 Ill. 112, decided by the Supreme Court of Illinois in 1857, in which it is stated:

On intestacy the title to real estate is thrown, *eo instanti,* by operation of law, on the heirs at law, and no other person is seized thereof for any purpose, or authorized to exercise any act of ownership over it, save in the case of a guardian over the estate of wards. The administrator cannot meddle with it; he cannot employ any part of the personal assets, to the payment of taxes, or

save them from forfeiture on account of non-payment; he represents and controls only the personal assets. Such power as he may have over the real estate, only commences when a deficiency of those assets, to pay debts against the intestate, is discovered. He then becomes not seized or possessed of such estate, but the instrument by which a sale of it can be held on application to the proper court, in which application the heir must be a party.

A similar issue was raised in *Crooks* v. *Harrelson*, 35 Fed. (2d) 416, where it was contended that the phrases " subject to the payment of the charges against his estate," " the expenses of its administration," and " subject to distribution as part of his estate," were all anciently used in connection with personalty only; that Congress knew this, and accordingly used the phrases with their ancient technical meaning, and as relating solely to personal property. In disposing of this contention the court said:

Furthermore, the argument of appellant, based upon the ancient technical meaning of the words used in section 402 (a), goes too far and defeats itself. The word " distribution " as applied to estates meant at common law the division of estates of intestates only. It was not properly applied to testate estates. 18 C. J. 803; *Rogers* v. *Gillett*, 56 Iowa, 266, 9 N. W. 204. If, therefore, the ancient technical meaning is applied in section 402 (a), personal property of intestate estates only would be covered, while personal property passing by will would not be included. Such a result plainly could not have been intended by Congress.

Our conclusion on this branch of the case is that the language of section 402 (a) is not to be given any ancient technical meaning, but is to be read giving to the words their ordinary, popular meaning; and that, when so read, both real and personal property are included.

Irrespective of the ancient technical meaning of the words, the error, as we view it, in the position of the petitioner is that under the Illinois statutes, as regards descent, no distinction is made between real or personal property. As showing that real estate is subject to distribution under the statutes of Illinois, one has only to read the Illinois Statute of Descent and Distribution. Paragraph 1, section 1, of chapter 39, Illinois Statutes, reads as follows:

That estates, both real and personal, of residents and nonresident proprietors in this State dying intestate, or whose estates or any part thereof shall be deemed and taken as intestate estate, after all just debts and claims against such estate are fully paid, shall descend to and be distributed in manner following, to-wit: [Here sets out the persons to whom such property descends.]

Accordingly, this contention of the petitioner is denied. We hold that, within the meaning of section 302 (a) of the Revenue Act of 1924, the lands belonging to the decedent at the time of his death were subject to the expenses of administration and were also subject to distribution as part of his estate. This being so, we approve the action of the Commissioner in including the value of decedent's real estate as a part of his gross estate.

Reviewed by the Board.

*Decision will be entered under Rule 50.*