## ELVY C. MOORE et al. vs. WILLIAM E. WARE.

1. **JUDGMENTS:** *Conclusiveness thereof.*
   Where the court has jurisdiction of the subject matter and the parties, its judgments, although irregular and erroneous, are conclusive so long as unreversed, and cannot be attacked collaterally.

2. **ADMINISTRATOR:** *Sale of real estate.*
   An administrator has no control over the real estate of his intestate. This descends at once upon the death of the ancestor to the heir. The statute which charges the real estate of an intestate with debts, applies only to debts created by the intestate, and not to debts created by the administrator in the course of administering the personal estate.

3. **SAME:** *Case in judgment.*
   J., as administrator of M., deceased, filed his final account showing a balance

due him for commissions, which was allowed, and a decree rendered as follows : " That said balance stand as a judgment against the liens of M., so far as they may have received property from him : " *Held*, that this decree limited the administrator to the personal estate received by the heirs, and did not warrant a sale of the real estate.

ERROR to the Circuit Court of *Marshall* County.

Hon. ORLANDO DAVIS, Judge.

This is an action of ejectment by the widow and heirs of R. J. Moore, deceased, to recover lands in the possession of defendants and claimed by them under sheriff's sale. J. S. Jones was the administrator in De Soto county of R. J. Moore, deceased. He filed his final account, showing a balance due him of $954.53 ; of this amount $840 was commissions, $100 confederate money, and $15.70 court costs. It was thereupon decreed that " said balance ($954.53) stand as a judgment against the said heirs of the said R. J. Moore, so far as they may have received property from him."

Execution issued, directed to the sheriff of Marshall county, who levied upon and sold the land in controversy, to one Dabney Hull, for the nominal sum of $55 ; and Hull conveyed it to J. S. Jones for a consideration equally nominal ; and Jones conveyed to defendants in error ; and the widow and heirs of R. J. Moore, deceased, brings this suit.

Judgment was rendered for the defendant in the court below, and the case comes to this court on writ of error.

The following is assigned for error, to wit:

1. The court erred in refusing, on the first trial, to give charges asked by plaintiffs.

2. The court erred in said first trial in giving the charges asked by defendant.

3. The court erred in the said first trial by setting aside the verdict of the jury, and in granting a new trial.

4. The court erred in the second trial in giving charges asked by the defendants, and in refusing those asked by plaintiff.

5. The court erred in overruling plaintiff's motion for a new trial on the second trial of this cause.

*White & Chalmers*, for plaintiffs in error:

Land of a decedent cannot be sold for debts contracted after his death, or for commissions allowed to the administrator, or for court costs. Hollman *v.* Bennett, 44 Miss., 332, and authorities. The mode for selling land is pointed out by statute. Hargrove *v.* Baskin, 50 id., 194.

*Featherstone, Harris & Watson*, for defendants in error :

Filed an elaborate written brief and argument, insisting that the sale under the decree in the chancery, conveyed the title to the defendant's vendor, and cited the following authorities: McNitt *v.* Turner, 16 Wall., 366; Gignon *v.* Astor, 2 How. (U. S.), 320; Wall *v.* Wall, 6 Cush., 413 ; Voorhees *v.* Bank United States, 12 Curtis, 193 ; Cooley Const. Lim., 409, 410 ; Ludlow *v.* Ramsey, 11 Wall., 581 ; Cooper *v.* Reynolds, 10 id., 308 ; McGoon *v.* Scales, 9 id., 23; McNamara on Nullities, 137 ; Freeman on Judgments, §§ 117, 118, 119, 120, 124, 126, 130, 131, 135, 136. Plaintiffs acquiesced, and cannot now recover the lands, as against an innocent purchaser. Herman on Estoppels, §§ 40, 41, 43, 45, 51, 52, and 80. When the court has jurisdiction the presumption of law is in favor of the correctness of its judgments or decrees. Cannon *v.* Cooper, 10 Geo., 789 ; Root *v.* McFerrin, 8 id., 1 ; Voorhees *v.* United States Bank, 12 Curt., 193. A purchaser at sheriff's sale is only required to see that there is a valid judgment on its face, etc. McNitt *v.* Turner, 16 Wall., 365; Wheaton *v.* Sexton, 4 Wheat., 503 ; Natchez Insurance Co. *v.* Helm, 13 S. & M., 182; Drake *v.* Collins, 5 How. (Miss.), 253 ; Smith *v.* Lawson, 2 id., 601; Harper *v.* Hill, 6 Geo., 63; Doe *v.* Snyder, 3 How. (Miss.), 66 ; Morton *v.* Grenada College, 8 S. & M., 773; Banks *v.* Evans, 10 id., 35 ; Natchez *v.* Minor, 10 id., 246; Doe *v.* Pritchard, 11 id., 327 ; Cockerel *v.* Wynn, 12 id., 117.

SIMRALL, J., delivered the opinion of the court.

The plaintiffs in the circuit court, and plaintiffs in error, brought an action of ejectment to recover the possession of a quarter section of land. It is conceded that Robert Moore, their ancester,

died seized in fee simple of the land; and that upon his death the inheritance was cast upon the plaintiffs; and that they ought to recover, unless their title was divested by a sale of the premises under a decree of the chancery court of De Soto county. W. E. Ware, claims title by *mesne* conveyance from the purchaser at that sale. So that the single inquiry is, as to the nature of the proceeding in the chancery court, and the effect of the sale under it. Jno. S. Jones propounded his final settlement of the estate of Robert J. Moore, deceased, which was audited and allowed, showing a balance due the administrator of $954.53. Among other things the order of the chancery court declared as follows: "It is further ordered that said balance stand as a judgment against the said heirs of the said R. J. Moore, so far as they may have received property from him, and that said Jones be discharged." For this balance, an execution was issued under which the bond in suit was levied upon and sold. The sum settled as due the administrator was made up, with a trifling exception, of the commissions allowed on the inventory, costs, etc. It would seem that the administrator confined himself exclusively to the administration of the personal assets. It was not shown, nor is it claimed, that it was necessary to lay hold of the land and deal with them, as assets, on a suggestion of the insufficiency of the personal estate to pay the debts, *i. e.*, debts and liabilities incurred by the intestate in his lifetime. For we expressed the opinion in Hollman *v.* Bennett, 44 Miss., 325, that the real estate could not be sold by the personal representation to pay the expenses and commissions of administrating the personal estate. We are satisfied of the correctness of that view. The statute, as pointed out in that case, devoted the real estate to the payment of creditors, on the contingency of| the insolvency of the personal assets. But they must be the debts and liabilities of the " decedent," and not such as were created by the personal representative after his death, such as commissions and costs, for administering the personal estate. It must be admitted, that the proposition, so ably and earnestly contended for by the counsel for the defend-

ant, viz, that where the court has jurisdiction of the subject, and of the parties, its judgment or decree, although irregular and erroneous, is conclusive, so long as unreversed, and cannot be called in question collaterly, is true. The authorities cited, fully sustain it. The rule is founded in wisdom and necessity. For there must be a time when the controversy between the parties shall have a finality. Giving full force to that principle, in these final settlement proceedings, the decree must be accepted as conclusive, that there was the balance due to Jones, the administrator, and although there may have been error, in passing on the exceptions to the account, the rulings on these points cannot in this suit be controverted. It is also claimed that the clause, already quoted from the decree, is conclusive authority for the sale of the land. The court awards that the balance " stand as a judgment against the heirs," etc., that is to say, that the administrator shall have for his indemnity the right to enforce payment. If the heirs have received the personal assets, or any part of them which ought to respond to this debt to the administrator, which accrued in its administration, then the debt for that purpose shall "stand with the privileges of a judgment;" that was the character of the decree (limited to the personal property) in Cason *v.* Campbell (MSS.), quoted in 44 Miss., 331, *supra.* That gives to the administrator the measure of his legal right. But does not the closing sentence of the clause, by words almost as certain as those used in Cason *v.* Campbell, confine the administrator to the personal estate received by the heirs? They are, "so far as they have received property," etc., for the administration of which the debt originated. The decree in effect is, that the administrator may have a judgment against the heirs for $954.53, and may have satisfaction out of any property received from the estate administered. The heir does not take the freehold of inheritance through the administrator. The common law is that the land descends directly and immediately upon the death of the ancestor to the heir. The doctrine has always been in this state, that although the statute charges the real estate with the debts, on the insufficiency of the

personal estate, yet the administrator has no interest in the real estate, or right or power over it, except in the contingency mentioned, to convert it into assets for creditors, but that it goes directly from the ancestor to the heir.   Campbell *v.* Brown, 6 How., 234; Bullock *v.* Sneed, 13 S. & M., 293; Root *v.* McFerrin, 37 Miss., 46.   We conclude, therefore, that the decree did not warrant a sale of the land under execution, and that the title of the heirs did not thereby pass to the purchaser.   The subject chiefly argued by counsel for the plaintiff in error is, that the elements of the indebtedness, to the administrator, were such as could not be the basis of a decree to be satisfied out of the real estate;" that question was presented in the case of Farrar *v.* Dean, 24 Mo. 19.   It was an ejectment for lands sold under probate decree. The Missouri statute is like ours: "if any person shall die and not leave personal estate sufficient to pay his debts, the executor or administrator may file a petition for sale of so much of the real estate, as will pay the debts."   The administrator obtained the order of sale to pay commissions and costs, etc.   In putting a construction on their statute, the court say:   "The real estate might be sold under certain proceedings when necessary to pay the debts."   But "commissions and costs" are not debts of the intestate.   It was held "that the probate sale for such debts, although confirmed, was invalid."

It is not necessary for the exigencies of another trial to consider the instructions.

Judgment reversed, and a *venire de novo* awarded.