Minshall, C. J.
The question in this case concerns the power of an administrator to cause the lands of a decedent to be sold to pay debts of the decedent, where the petition fails to aver, and no evidence is offered that there are any such debts. Edwin Hull, a resident of Summit county, died in 1892 intestate. He left seven children, one of w,hom, a daughter, having intermarried, subsequently died, leaving a minor child, and Gideon Carr was appointed its guardian. He also left a farm worth about $4,-000, and some personalty. No administration was taken out. upon his estate until July 15, 1897, when one Harrison, a stranger to the family, was appointed administrator by the probate court. On October 2, following, he filed a petition in the probate court of the county, asking for an order of sale of the lands to pay debts. There is no averment in the petition that the deceased left any debts of his own that had not been paid; and the answer of the guardian of the minor that the deceased left no debts, is not denied by a reply. It contained the averment, however, that “the charges of administration of the estate will amount to about $400,” and that the personal assets are $39 and some cents. A demurrer to the petition was overruled, and an answer filed by the guardian averring there were no debts of the decedent to be paid. A hearing was had and an order made for the sale of the land described in the petition. An appeal was taken to the common pleas. Pending the appeal in that court, Harrison died, and one Frederick, also a stranger, was appointed administrator de bonis *396 non, and the suit revived in his name. A hearing was had and a like order made for the sale of the land. The guardian took a bill of exceptions, which was made a part of the record. It contains all the evidence offered at the trial. There was no amendment of the petition in the common pleas, nor was it shown that the deceased left any debts of his own to be paid, nor was there any offer to so show. . On error the judgment was affirmed by the circuit court.
It is claimed, in the first instance, that under section 6005, Revised Statutes, the probate court had no power to. appoint a stranger as administrator, there being no creditors, without a showing that there are personal assets to the amount of $100, which was not done on the appointment of Harrison, the amount as stated being but $39.90. And it is further claimed that there was no authority under section 6018, Revised Statutes, for the appointment of an administrator cle bonis non, as in his application he stated that there were no assets, and did not aver that there were any debts to be paid. We may say that, from the record, it seems quite doubtful on the showing made, whether the court had authority to appoint an administrator in the first instance, or to appoint a successor on his death. But be that as it may, we think their appointment cannot be questioned in a collateral proceeding. There should have been some direct proceeding for the purpose: Here it is collateral to the proceeding, being one to sell lands; and it is contrary to the policy of our law to permit a question of the kind to be raised in a collateral proceeding.
We come then to the power of the court, on the showing made, to order the sale of a decedent’s lands, when it is not averred in the petition, nor shown, that *397 the decedent left debts of his own unpaid; and the only reason assigned is that the sale may be made to pay costs of administration.
In this state, as in most of the states of the Union where the principles of the common law prevail, the personalty of a decedent who dies intestate, passes to his administrator, who takes it in trust for the payment of the debts of the decedent and the distribution of the remainder among his next of kin; whilst his realty passes directly to his heirs as an estate of inheritance, subject, however, to a liability for the payment of his debts, if the personalty proves insufficient. But as the administrator has no title to the lands, the liability can only be enforced by a proper proceeding instituted by him for a sale of the lands, or so much thereof as may be necessary, for the express purpose of paying debts of the decedent. The suit cannot be instituted for any other purpose. Wood, Adm’r, v. Butler, 23 Ohio St., 520. The exercise of the power is regulated by statute, and, being special in its character, must be strictly pursued. Section 6136, Revised Statutes, provides that—
“As soon as an administrator shall ascertain that the personal estate in his hands will be insufficient to pay all the debts of the deceased, with the allowance to the widow and children for their support, twelve months, and charges of administration of the estate, he shall apply to the probate court or the court of common pleas for authority to sell the real estate of the deceased.”
It is further provided in section 6141, that—
“The petition shall, in all cases, set forth the amount of debts due from the deceased, as nearly as they can be ascertained, and the amount of the charges of administration, the value of the personal *398 estate and effects, and a description of the real estate, and value thereof, if appraised.”
It is argued that section 6136 confers power to sell for the payment of the charges of administration of the estate only. This we think is erroneous.' The principal fact that must exist, in any case, to confer the power, is the existence of debts of the deceased, and that it is necessary to sell to pay those debts with the year’s allowance to the widow and minor children, which is classed with the debts of the deceased, to which is added, as an incident, “charges of administration of the. estate.” This clause is not to be taken in a distributive sense, but collectively with cne, or both, of the other grounds for making a sale. The proper construction is that sufficient of the lands may be sold to pay charges of administration, where it is necessary to make a sale for the payment of the debts of the deceased, or the year’s allowance. The debts or year’s allowance, is the principal fact on which the power may be invoked, to which charges of administration, as we have said, are incident. The charges of administration here referred to, relate to the costs of the proceeding, attorneys’ fees and administrator’s commissions. This is the first time it seems that this precise question has been presented to this court; but the contraction we have placed on the statute, is not only required by its language and the policy of our laws whereby the realty of a decedent who dies intestate, descends to his heirs subject only to a liability for the debts of the decedent, where the personalty is insufficient, but it is in harmony with the decisions elsewhere in states having laws for the settlement of estates of deceased persons, similar to our own. Proceedings to sell lands by the administrator are construed strictly, and *399 made to depend upon the existence of unpaid debts of the deceased after exhausting the personalty; and power to sell to pay costs of administration only, is denied. Mr. Woerner, an author who has devoted much learning and ability to the subject, says: “The petition as .appears from the preceding section, must aver the existence of debts remaining unpaid; and it is self-evident that the court must be satisfied in a lawful way, of their existence, before there can be an order of sale of real estate; the court should hear proof and this should appear of record.” And further : “The debts so proved to exist must be such as were contracted by the deceased himself. No sale will be ordered to pay expenses of administration alone, or any debts incurred by the executor or administrator, after the death of the testator or intestate, except funeral expenses.” He then enumerates the states in which it has been so held, and adds: “No decision has come to the notice of the writer from any of the states in which the sale of real estate for the payment of the expenses of administration alone is held valid, except an intimation in a very briefly considered case in Indiana, which, however, was subsequently affirmed in a case fully argued, a dictum in New Jersey, and several cases in California, where there is a statutory provision to that effect, besides some other states in which the realty goes to the administrator like personalty.” Am. Law of Administration, section 469.
The text of the author will be found supported by the following cases: Walworth v. Abel, 52 Pa. St., 370; Farrar v. Dean, 24 Mo., 16; Fitch v. Whitbeck, 2 Barb. Ch., 161; Cornwall, In re., Tuck, 250; Fitzgerald v. Glancy, 49 Ill., 465; Walker v. Diehl, 79 Ill., 473; Dean v. Dean, 2 Mass.; Drinkwater *400 v. Drinkwater, 4 Mass., 354; Mays v. Rogers, 52 Ark., 320; Moore v. Ware, 51 Miss., 206. See also Kinkead’s Probate Law & Practice, section 393, and Rorer on Judicial Sales, section 268. The case, of Falley v. Gribling, 128 Ind., 110, cited by counsel for defendant in error, is the case referred to by Mr. Woerner. It does not seem to be sustained by reason or authority and we see no reason for following it.
Counsel for the defendant in error also cite and rely with much confidence upon the case of Welsh v. Perkins, 8 Ohio, 52, as sustaining their contention. It does not, as we think, do so. In this case the administrator borrowed money to pay the taxes that had accrued on the lands of the decedent in his lifetime. These taxes were a charge upon the personalty, and it was the duty of the administrator to pay them. He borrowed money wherewith he paid the taxes, and a petition to sell the lands was sustained. By paying the taxes he was subrogated to the place of the state as a creditor, and so had a right to sell for his reimbursement. It was a sale in fact to pay debts of the decedent.
In Fitzgerald v. Glancy, supra, which was a proceeding to pay debts, but where none of the deceased, and none whatever but costs of administration, were shown to exist, Chief Justice Breese severely criticised the proceeding as follows: “The objection to this proceeding is fundamental, and stands out in bold and startling relief, and if allowed, would subject the real estate of intestates dying free from debt, to the cupidity of unconscientious administrators whose designs might be to appropriate it to themselves, to the injury of the heirs at law. The policy of our law most clearly is, that the real estate of decedents shall not be sold in this mode, except to pay *401 debts due and owing at the death of the decedent.” He then adds: “This is the first case, within our knowledge, where debts have been created by an administrator after the death of his intestate, and -allowed by a court as claims against his. estate, and an order granted to sell his Jands to pay them. They were not such claims, and cannot, by any legal alchemy, be made such, and not being such, the order to sell this lot to pay them, was erroneous and void. It has no legal basis to rest upon, and none whatever for the application in the first instance.”

Judgment of the circuit court and of the court of common pleas reversed, and petition dismissed.

Williams, Burket, Spear, Davis and Shauck, JJ., concur.