## Childress v. Thomas Dry Goods Co.*

(Division A.    Jan. 10, 1927.)

[110 So. 861.   No. 26097.]

1. Justices of the Peace.  *As regards res judicata, judgment held not one of nonsuit but final in its nature and against plaintiff.*

   Judgment, reciting case came on to be heard with defendant on hand with check showing plaintiff was paid in full, and adjudging that plaintiff recover nothing, but pay all costs, is on its face not one of nonsuit, but final and against plaintiff, and so available under plea of *res judicata.*

2. Justices of the Peace.  *Justice's judgment on merits against plaintiff, though it should have been of nonsuit for failure to prosecute, held only erroneous, and available as res judicata (Hemingway's Code, sections 2240, 2245).*

   Even if plaintiff in justice suit failed to prosecute his claim, so that under Hemingway's Code, section 2240 (Code 1906, section 2741), judgment should have been of nonsuit, judgment on the merits against plaintiff was not void, but only erroneous, and so, not having been appealed from, was, under Hemingway's Code, section 2245, bar to recovery on same cause of action, and therefor available under plea of *res judicata.*

*Corpus Juris-Cyc. References: Judgments, 34CJ, p. 509, n. 13; p. 781, n. 34; p. 783, n. 43; p. 784, n. 47; Justices of the Peace, 35CJ, p. 684, n. 33, 34.

Appeal from circuit court of Yazoo county.

Hon. W. H. Potter, Judge.

Action by the Thomas Dry Goods Company against E. G. Childress.  From a judgment for plaintiff on appeal from the justice court, defendant appeals.  Reversed and judgment rendered.

*J. G. Holmes,* for appellant.

It is the contention of the appellee, sustained by the trial court, that the only judgment which the justice of

the peace was authorized under the circumstances to render in the first suit was a judgment of non-suit, and that the judgment on the merits which was in fact rendered is a nullity, and they rely upon section 2240, Hemingway's Code.

It is the contention of the appellant, first, that the plaintiff in the first suit, appellee here, did not fail to "prosecute his claim," and that the plea of defendant appellant here, of *res adjudicata* should have been sustained, and evidence in support thereof admitted, and that the appellant's requested peremptory instruction should have been granted.

The only questions to be determined on this appeal, therefore, are first, did the plaintiff, appellee, in the first suit fail to prosecute its claim within the contemplation of the statute; and, second, assuming that the appellee did so fail to prosecute its claim, is the judgment void or merely erroneous?

I. *The appellee did not fail to prosecute its claim.* This appeal presents for the first time the construction of section 2240, Hemingway's Code, as to the meaning of the phrase therein used, "failed to prosecute his claim." Did appellee fail to prosecute its claim in the first suit within the contemplation of the statute?

The definition of the word "fail" is given in 2 Words and Phrases, 2nd Series, page 433. Applying these definitions to the language of the statute, we find that the statute has reference to a case where the plaintiff has become deficient or lacking in following up or pursuing his claim, or where the plaintiff has left unperformed some act in following up or pursuing his claim, or where the plaintiff has omitted or neglected to follow up or pursue his claim. Within these definitions the appellee did not fail to prosecute its claim.

It would be putting a far-reaching construction on the statute to say that the justice of the peace is without authority to proceed to a trial on the merits, even though

the plaintiff affirmatively waives his right to be present, or consents for the trial to proceed. No other construction can be placed upon the action of the appellee than that it consented for the justice of the peace to proceed with the trial on its merits. It did not fail, therefore, to prosecute its claim; but, on the contrary, was alert in following up its claim in its own way, and advised the justice and the party defendant three days in advance of the trial that the justice was authorized to "go ahead" with the case, thus consenting to this procedure and affirmatively waiving any right to be present. It must now abide the judgment which has become final against them.

The justice, under the facts of this case, was fully authorized to proceed with the trial of the case on its merits, and the judgment which was there rendered was a valid judgment, has now become final and conclusive, and is *res adjudicata* of the suit at bar.

II. *The judgment in the first suit was not void.* Assuming that it could be said under the facts of this case that the appellee failed to prosecute its claim in the first suit within the contemplation of the statute, it is submitted that the judgment rendered by the justice of the peace was not void, but was merely erroneous, and that the remedy of the appellee was to appeal therefrom within ten days after the rendition of the judgment.

An irregular or erroneous judgment is conclusive so long as unreversed; and, therefore, the judgment of the justice of the peace in the first suit not having been appealed from, is conclusive even though erroneous, and may be pleaded in bar of a second suit on the same demand. 23 Cyc., page 682; *Moore* v. *Ware,* 51 Miss. 206.

*Chambers & Trenholm,* for appellee.

This case turns upon a construction of section 2240, Hemingway's Code (section 2741, Code of 1906). Appel-

lant undertakes to argue that the letter from appellee's attorneys to the justice of the peace requesting him to "go ahead and enter up judgment for the plaintiff" constituted an appearance within the meaning of the above statute, or a prosecution of appellee's claim. He also claims that if the judgment entered in the first suit is not a nullity, the plea of *res adjudicata* was a good defense. We cannot agree with him on either proposition.

By the express terms of the statute the justice may not *hear* and *determine* a cause unless "the parties appear." The record in this cause shows that the parties did not appear, only the defendant. Yet the justice of the peace undertook to hear and determine the cause. At least, that is the construction which appellant puts upon the judgment. The judgment does not state that the justice of the peace heard and determined the cause, but that the defendant was on hand with a check. But the plaintiff was not present, so that the cause could not be heard under the plain terms of the statute, but the court was limited to judgment of non-suit against the plaintiff.

In our argument we use the word "appear" advisedly, for it is evident from the whole statute that what the legislature intended by "fail to prosecute his claim" was "fail to *appear*." Why? Because the justice may try the case if the parties *appear,* give judgment by default if the defendant does not *appear;* therefore, having used the word "appear" twice, the legislature did not like to use it again in the same sentence, and inserted the words "fail to prosecute his claim." Surely, if the plaintiff was *present,* but did not offer evidence in support of his demand or in rebuttal of the defense, the court would not say that he "failed to prosecute his claim." By being present when his case came up, this court would certainly hold him to having prosecuted his claim.

Being limited by the statute to hearing and determining the cause when the parties are *present,* the justice of the peace had no authority to hear any evidence or determine anything in this cause; hence, whatever construc-

tion may be placed upon the language used by the justice of the peace in his judgment, the legal effect of the judgment can be nothing but a nonsuit; and a nonsuit does not dispose of the case on its merits, and *res adjudicata* cannot be predicated thereon.

Appellant makes much of the words "go ahead" in the letter which appellee's attorneys wrote the justice of the peace. "Go ahead and enter up judgment for plaintiff." Not even a comma after the words "go ahead," showing that plaintiff expected the case to take the usual course—no defense and a default of judgment.

We contend that nonsuit is the only judgment the justice can render in the absence of the plaintiff. The very fact that appellant is unable to find a case upon this point, notwithstanding the long time this statute has stood upon the books, at least fifty years, and the thousands of cases in justice courts, makes it evident that no other construction of the statute has ever been considered, else the question must have come up before this time.

Argued orally by *E. L. Trenholm,* for appellee.

McGOWEN, J., delivered the opinion of the court.

This case arose in this wise: Attorneys, representing the Thomas Dry Goods Company, sent W. C. Heard, a justice of the peace of Yazoo county, a note for one hundred ten dollars, signed by Childress in favor of the Thomas Dry Goods Company, with instructions to the justice of the peace to bring suit thereon. The justice of the peace issued process, docketed the case, and notified the attorneys in Jackson that suit had been brought and of the return day. Upon receipt of this notice, the attorneys directed the justice of the peace on the return day to proceed to render judgment in favor of the plaintiff. On the return day, the justice of the peace made the following entries on his docket:

145 Miss.—28.

*"Thomas Dry Goods Company of Jackson, Miss.,* v. *E. G. Childress,* cause No. 45, suit on note of one hundred thirty-one dollars and ninety-two cents, showing process issued March 2, 1922, and returnable March 25, 1922, and showing the officer's return as follows: 'I have this day executed the within writ personally by delivering to the within named defendant, E. G. Childress, a true copy of said writ, March 2, 1922. S. J. Tindale, Constable'—and showing the judgment, reading as follows: 'Sartatia, Miss., March 25, 1922. This cause came on to be heard with the defendant on hand with a check showing that the plaintiff was paid November 2, 1921, in full, and it is adjudged by the court that the plaintiff recover of the defendant nothing by his suit, but it is further adjudged that the plaintiff pay all costs of the court and that execution issue herein according to law. W. C. Heard, Justice of the Peace.' "

Later, the same attorneys, by notifying opposing counsel, undertook to appeal, but the appeal bond did not reach the justice of the peace in time, and the suit was again brought before the justice of the peace on a note for one hundred ten dollars and twenty-eight cents in favor of the Thomas Dry Goods Company, signed by Childress, and O. K. Stampley, a justice of the peace, rendered judgment in favor of defendant, and Thomas Dry Goods Company appealed to the circuit court. In the circuit court, Childress interposed a plea of *res adjudicata,* pleading the judgment above set forth rendered by Heard, justice of the peace, and the circuit judge excluded all testimony on the plea *res adjudicata,* including the above judgment, holding that the only judgment that could be rendered by a justice of the peace, in the absence of plaintiff on a return day, was a judgment of nonsuit. It is unnecessary to further state the facts.

It is insisted by counsel for appellant that the court erred in excluding the judgment with the record accompanying same, and that the proof sustained his plea of *res adjudicata.*

Counsel for appellee say in their brief: "We do not contend that the judgment in question was void, only that it was simply a judgment of nonsuit and nothing more." Of course, if said judgment was simply one of nonsuit, and so appears to be on its face, then the plea of *res adjudicata* would be invalid, otherwise our lower court was in error, and the plea of *res adjudicata* should have been sustained, and a verdict directed in favor of the defendant thereon.

It will be noted that this judgment recites that the defendant was on hand with a check, and that plaintiff had been paid on November 2, 1921, in full, and that a good and complete judgment was rendered against plaintiff, denying him the right which he claimed in his suit, so that on its face it is perfectly clear that judgment is not one of nonsuit, but is one final in its nature and against the plaintiff, and, unless the judgment is void, is a conclusive bar to any further action on the same debt.

Appellee contends, however, that section 2240, Hemingway's Code (section 2741, Code of 1906), made it imperative on the justice of the peace to enter a nonsuit if plaintiff failed to appear. This section applicable to the case is as follows:

"On the return day of the summons the justice shall hear and determine the cause if the parties appear; give judgment by default if the defendant fail to appear, . . . or judgment of nonsuit against the plaintiff if he fail to prosecute his claim."

As to whether or not plaintiff in the instant case failed to prosecute his claim was a question to be determined by the justice of the peace, and, even if it be conceded that an erroneous entry of the judgment final was made by him, when he should have entered a nonsuit, still that would not authorize another court to reverse or modify the judgment of the justice of the peace which had become final.

Section 2245, Hemingway's Code, is as follows: "When any suit brought before a justice of the peace shall be finally decided on its merits by the justice, it shall be a

bar to a recovery for the same cause of action or set-off in any other suit."

It is manifest that the judgment rendered by Heard and pleaded as *res adjudicata* by the defendant is not a void judgment, but is a final judgment on the merits that the defendant had paid the plaintiff, and the presumption is that the justice of the peace held that plaintiff was prosecuting his claim.

If the judgment be erroneous which we do not here decide, it could be attacked only directly, and not in a collateral proceeding, as is here undertaken.

Where a court has jurisdiction of the parties and of the subject-matter, mere errors, irregularities, or informalities will not vitiate the judgment so as to render it absolutely void. 23 Cyc. 682, section D1; *Moore* v. *Ware*, 51 Miss. 206.

We think the lower court erred in excluding the evidence on the plea of *res adjudicata*. Said plea was good. The court should have given a peremptory instruction for the defendant.

Reversed, and judgment here for appellant.

*Reversed.*