**In re Carol B. McDONALD, Debtor.**

**No. 01–02380.**

United States Bankruptcy Court,
District of Columbia.

April 22, 2002.

Ronald Rowland, Hyattsville, MD, for debtor.

Kevin R. McCarthy, McLean, VA, Chapter 7 Trustee.

*DECISION RE CHAPTER 7
TRUSTEE'S OBJECTION
TO EXEMPTIONS* *

S. MARTIN TEEL, Jr., Bankruptcy Judge.

In 2001, the District of Columbia amended its primary exemption statute to permit

---

* This supplements the court's oral decision ren-    dered at the hearing on the Objection to Ex-

an unlimited exemption of the debtor's residence. *See* D.C.Code Ann. § 15–501(a)(14) (2001).[1] In addition, D.C.Code Ann. § 15–501(a)(3) (2001) now allows exemption of:

> the debtor's aggregate interest in any property, not to exceed $850 in value, plus up to $8,075 of any unused amount of the exemption provided under paragraph (14) of this subsection.

The court holds that a debtor who exempts $8,075 or more of the equity in his or her residence under § 15–105(a)(14) may exempt an additional amount of only $850 under § 15–501(a)(3).

## I

Carol B. McDonald filed her voluntary petition commencing this case under chapter 7 of the Bankruptcy Code (11 U.S.C. (2001)) after the effective date of the 2001 amendments to D.C.Code Ann. § 15–501. On her schedule of property claimed as exempt, she invoked § 15–501(a)(14) to claim as exempt $71,271.00 which equals the scheduled equity in her residence with a value of $134,430.00.

In addition, the debtor claimed as exempt a total of $3,500 in two checking accounts under § 15–501(a)(3) of the District of Columbia Code. The chapter 7 trustee objected to the debtor's exemption of the funds in the checking accounts to the extent the amount exempted exceeded $850.

As will be seen, because the debtor has exempted all of the equity in the residence, and in an amount exceeding $8,075, there is not $8,075 of "unused amount" of the exemption available under § 15–501(a)(14) which the debtor may claim as exempt under § 15–501(a)(3), and she is indeed limited to a $850 exemption under § 15–501(a)(3).

## II

The statutes involved provide no clear answer to the issue.

The pertinent portions of the District of Columbia exemptions statute at issue here are:

> § 15–501. Exempt property of householder; property in transitu; debt for wages.
>
> (a) The following property of the head of a family or householder residing in the District of Columbia, or of a person who earns the major portion of his livelihood in the District of Columbia, being the head of a family or householder, regardless of his place of residence, is free and exempt from distraint, attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia:
>
> . . . .
>
> (3) the debtor's aggregate interest in any property, not to exceed $850 in value, plus up to $8,075 of any unused amount of the exemption provided under paragraph (14) of this subsection;
>
> . . . .
>
> (14) the debtor's aggregate interest in real property used as the residence of the debtor, or property that the debtor or a dependent of the debtor in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial

emptions by Kevin R. McCarthy, the trustee of the estate of the debtor under chapter 7 of the Bankruptcy Code (11 U.S.C.).

1. In so doing, the District of Columbia joined Florida and Texas in permitting unlimited exemption of the debtor's residence. As will

be seen, that approach stands in marked contrast to the exemption available under 11 U.S.C. § 522(d)(1) which, when the D.C.Code Ann. was amended, only permitted an exemption "not to exceed $16,150 in value" in the debtor's residence.

plot for the debtor or dependent of the debtor.

D.C.Code Ann. § 15–501 (2001).

With respect to bankruptcy cases, a state may opt out of permitting a debtor to elect the federal bankruptcy exemptions listed in § 522(d). 11 U.S.C. § 522(b)(1). If, as is the case in the District of Columbia, the state has not so opted out, a debtor may elect the federal bankruptcy exemptions specified by § 522(d). *Id.* Alternatively, the debtor may elect exemptions available under nonbankruptcy law. 11 U.S.C. § 522(b)(2).[2] Here, the debtor McDonald elected to claim exemptions under nonbankruptcy law, including those available under D.C.Code Ann. § 15–501.

A perusal of the entirety of the 2001 amendments to § 15–501(a) reveals that the District of Columbia Council borrowed substantially from the federal bankruptcy exemptions found in 11 U.S.C. § 522(d) in enacting those amendments.[3]

In particular, in crafting § 15–501 the Council apparently intended § 15–501(a)(3) to mirror its counterpart found in 11 U.S.C. § 522(d)(5):

(d) The following property may be exempted under subsection (b)(1) of this section:

(5) The debtor's aggregate interest in any property, not to exceed in value $850 plus up to $8,075 of any unused amount of the exemption provided under paragraph (1) of this subsection.

11 U.S.C. § 522(d)(5).[4] However, in drafting the homestead exemption in § 15–501(a)(14), the Council broke with § 522(d) when it opted to allow an unlimited homestead exemption. The federal bankruptcy exemptions, as they stood when the Council made its amendments, placed a $16,150 cap on the homestead exemption,[5] by permitting exemption of:

The debtor's aggregate interest, not to exceed $16,150 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

11 U.S.C § 522(d)(1).

Because D.C.Code Ann. § 15–501(a)(14) allows the exemption of all of a debtor's

---

**2.** The nonbankruptcy law exemptions available to a debtor electing to proceed under § 522(b)(2) are not limited to the debtor's state law exemptions, but include as well exemptions available under federal nonbankruptcy law. For example, the court ruled that McDonald was entitled to an exemption under 42 U.S.C. § 407 for Social Security payments that were deposited into her banking accounts. *See In re Lazin,* 217 B.R. 332 (Bankr.M.D.Fla.1998).

**3.** Many of the exemption amounts added by the amendments to § 15–501(a) match the exemption amounts that existed under § 522(d) when the Council passed the amendments. Effective April 1, 2001, the exemption amounts in § 522(d) were, pursuant to 11 U.S.C. § 104(b)(1), adjusted upwards for inflation. As observed in the historical notes to D.C.Code Ann. § 15–501, although the

amendments to § 15–501 became effective on April 27, 2001, the Council adopted the amendments (part of D.C.Law 13–292) in December 2000.

For purposes of interpreting § 15–501(a), the court will deal with § 522(d) as it stood when the Council was considering the amendments to § 15–501(a), that is, § 522(d) as it stood prior to the increase on April 1, 2001, of the § 522(d) exemption amounts.

**4.** Because of inflation, and pursuant to 11 U.S.C. § 104(b)(1), the dollar amounts in § 522(d)(5) were increased effective April 1, 2001: the $850 figure was changed to $925 and the $8,075 figure was changed to $8,725.

**5.** Under 11 U.S.C. § 104(b)(1), the $16,150 was adjusted effective April 1, 2001, to $17,425 due to inflation.

interest in his or her residence, it is unclear what the Council intended in § 15–501(a)(3) by the phrase, "plus up to $8,075 of any unused amount of the exemption provided under paragraph (14) of this subsection."

## III

■ There are several possible interpretations of subsection (a)(3), none of them completely satisfactory.

### A.

■ One interpretation of the statute, not urged by the trustee or the debtor, is this. The court could interpret subsection (a)(3)'s "unused amount" language as limited to the debtor who has equity to exempt under subsection (a)(14) but who elects not to exempt the full amount of the equity. The amount by which such a debtor elects not to exempt the equity would be exemptible as an "unused amount" under subsection (a)(3) to the extent it did not exceed $8,075. This interpretation is appealing because it applies the literal language of the statute in a manner simple to apply. Nevertheless, the court declines to limit subsection (a)(3) to a debtor who has a residence, entirely contrary to the way in which § 522(d)(5), the analog of subsection (a)(3) under the federal bankruptcy exemption statute, operates. The court assumes that the Council intended subsection (a)(3) to operate in a manner similar to § 522(d)(5), even if the Council drafted the statute imperfectly in giving effect to that intent.

### B.

There is yet another interpretation of the statute not urged by the debtor or the trustee. The court could interpret § 15–503(a)(3) as hearkening to 11 U.S.C. § 522(d)(5) upon which it was apparently modeled, and hence to interpret it in a way that achieves the same result as under § 522(d)(5) which operates based on there being a cap of $16,150 on the amount exemptible as a residence under § 522(d)(1). After allowing the debtor to use subsection (a)(14) to exempt all of the equity in his or her residence, subsection (a)(3) would then include language allowing the debtor to exempt "other property to the extent that $16,150 in equity in the debtor's home has not been exempted under paragraph (14), up to a maximum of $8,075." If the legislature intended § 15–501(a)(3) to preserve the federal exemption available under § 522(d)(5), while allowing the unlimited homestead exemption for which the federal exemptions do not provide, subsection (a)(3) should have been enacted with such language. But in its attempt to allow the unlimited homestead exemption, the Council neglected to remove the "unused amount" language from subsection (a)(3) and to replace it with the $16,150 amount. This court cannot now repair the Council's omissions through judicial legislation.

The court will thus turn to the parties' conflicting proposed interpretations of subsection (a)(3). The court will reject the debtor's interpretation and adopt the trustee's interpretation of the statute.

### C.

The debtor argues as follows. Because of the prevalence of predatory lending practices and the resulting foreclosures in the District of Columbia, the District of Columbia Council intended to allow debtors to exempt all the equity in their homes and to prevent homes from being taken in a Chapter 7 case. In redrafting the statute the legislature may have initially intended to mirror all the federal exemptions, but then decided to deviate from the federal statute on the issue of the homestead exemption. In so doing, the legisla-

ture uncoupled (a)(3) from (a)(14). The more reasonable approach is to strike the phrase "unused amount of the exemption provided under paragraph (14) of this subsection" from subsection (a)(3) when interpreting the statute. Thus, as the District of Columbia Council intended, the debtor should be allowed to exempt $71,271.00 of equity in her residence as well as the full $3,500 in her checking account.

The interpretation of subsection (a)(3) urged by the debtor renders the language, "unused amount of the exemption provided under paragraph (14) of this subsection" meaningless. Under the interpretation of the statute urged by the debtor, because the debtor can exempt up to an infinite amount of equity in his or her residence, there is never a situation in which a debtor would have an "unused amount" of the homestead exemption. Had the District of Columbia Council intended this result, subsection (a)(3) would have been worded as follows: "the debtor's aggregate interest in any property, not to exceed $8,925 in value." The court will not assume that the "unused amount" language under subsection (a)(3) was intended to be without meaning.

The debtor's interpretation, moreover, would allow a debtor to exempt, say, $1,000,000 of equity in a residence under subsection (a)(14), yet still take advantage of the full $8,925 of subsection (a)(3) to exempt other property. That debtor would argue that, because there is no limit on the amount of the homestead exemption, he or she could have exempted $2,000,000, or even $10,000,000, in equity under subsection (a)(14). Thus, the debtor exempting "only" $1,000,000 still has an unused portion of the homestead exemption remaining under subsection (a)(14) and would be entitled to utilize subsection (a)(3) to exempt $850 plus $8,075 of other property.

It is likely that this is not the result that the District of Columbia Council intended. The Council was attempting to mirror the federal exemptions, which are designed to protect a debtor who does not have $16,150 of equity in a residence and which do not allow a debtor who exempts $16,150 or more of equity in a residence to utilize the $8,075 exemption in § 522(d)(5). It is therefore unlikely that the Council's intent was to protect wealthy individuals by allowing them to exempt $1,000,000 of equity in a residence, plus an additional $8,075 of other property. Nonetheless, if the court adopts the debtor's interpretation of the statute, it cannot avoid this result.

## D.

The trustee argues that since the debtor has exempted the full $71,271.00 of equity in her residence under subsection (a)(14), she does not have $8,075 of an "unused amount of the exemption provided under paragraph (14) of this subsection." Thus, the debtor may only exempt $850 of the funds in her checking account under subsection (a)(3).

The trustee asserts that subsection (a)(3) of the District of Columbia exemptions statute should be read to be analogous to the federal exemptions, which allow the debtor to exempt a maximum of $16,150 in the debtor's residence. Under the federal exemptions, if the debtor does not have sufficient equity in his or her residence to exempt the full $16,150, the debtor may then exempt property up to a maximum value of $8,075 of the unused portion of the $16,150. On the other hand, if the debtor is able to exempt the entire $16,150, then the debtor may additionally exempt only $850 worth of property under 11 U.S.C. § 522(d)(5). Thus, the debtor here, who has exempted all of the equity in her home in an amount that exceeds $8,075, has no "unused amount" of the

homestead exemption under subsection (a)(14), and may only exempt $850 worth of property under subsection (a)(3).

The trustee's interpretation of the statute presents its own difficulties, but is still the best interpretation. Under the trustee's interpretation, the statute offers less protection to debtors with only a small amount of equity in their homes than do the federal bankruptcy exemptions. Under the federal bankruptcy exemptions, a debtor with only $10,000 of equity in his or her residence may exempt that $10,000 under § 522(d)(1), and still claim as exempt an additional $6,150 worth of other property under § 522(d)(5). The same debtor may also exempt $10,000 of equity in his or her residence under the District of Columbia exemptions; however, this debtor then may exempt only $850 of other property under subsection (a)(3) rather than the $6,150 he or she could under the federal exemptions.

Similarly, a debtor with only $4,000 in equity in his or her home could exempt the $4,000 under § 522(d)(1) and still exempt up to $8,925 of other property under § 522(d)(5). Under the District of Columbia exemptions, after this debtor has exempted the $4,000 of equity in his or her residence, he or she can only exempt $850 plus $4,075 of other property under subsection (a)(3).

In other words, the trustee urges that § 15–501(a) be interpreted to assure that, in addition to the $850 unconditionally allowed by paragraph (3) $8,075 of exemptions in the aggregate will be available, under paragraphs (3) and (14) combined, to a debtor with no residence and to a debtor with less than $8,075 of equity in the residence. That is, a debtor may exempt an additional $8,075 of property if he or she does not own a residence (or has no equity in the residence); and a debtor with equity of less than $8,075 in the residence may exempt the equity in the residence plus additional property to the extent that $8,075 exceeds the exempted equity in the residence.[6]

As discussed above, this is less generous treatment than under § 522(d)(5) for a debtor with equity of between $8,075 and $16,150 in the debtor's residence. The District of Columbia Council may have been unaware that it was affording debtors with low amounts of equity in their homes with less generous exemptions than § 522(d)(5) allows; however, that is the result under the least tortured interpretation of the newly-amended exemption statute.

Under this interpretation of the statute, a debtor with between $8,075 and $16,150 of equity in his or her residence, and who will thus fare better under § 522(d)(5) as opposed to § 15–501(a)(3), obviously may opt to use the federal bankruptcy exemptions of § 522(d). (Of course, the debtor so opting would lose those other exemptions available under § 15–501(a) that are unavailable under § 522(d): a debtor cannot use both the D.C. exemptions and the federal bankruptcy exemptions.) Although it appears more likely that the Council simply made a legislative drafting mistake, there is the possibility that the Council had in mind that an individual who would fare better under § 522(d)(5) than under § 15–501(a)(3) could elect the exemptions under § 522(d).

If the District of Columbia Council intended a debtor with between $8,075 and $16,150 of equity in the debtor's residence to benefit from § 15–503(a)(3), the Council

---

**6.** Additionally, a debtor might have equity in the residence but elect not to exempt the equity, but instead (for example, for sentimen- tal reasons) exempt an additional $8,075 of other property.

could have worded subsection (a)(3) to effectuate that intent. As discussed above, if the court interprets the statute to protect such debtors, it is forced to resort to one of two unpalatable choices, either to read subsection (a)(3) as having reference to the $16,150 cap of § 522(d)(1) (a step that would amount to judicial legislation) or to allow a debtor to exempt any amount of equity in his or her residence (even if that equity is, say, $1,000,000 or some other large sum) plus an additional $8,075 under subsection (a)(3) (a result that was not likely the Council's intent in enacting the statute).

## IV

For the forgoing reasons, the court concludes that a debtor who exempts the full amount of equity in her residence in an amount exceeding $8,075 pursuant to § 15–501(a)(14) may only exempt $850 of other property under § 15–501(a)(3). The court's order (D.E. No. 29) that reflects this ruling was entered following the hearing on this matter.