**In re David F. LEWIS, Debtor.**

No. 03–00790.

United States Bankruptcy Court, District of Columbia.

Feb. 25, 2004.

William Douglas White, McCarthy & White, PLLC, McLean, VA, Counsel for Trustee.

Gary F. Weltmann, Papermaster & Weltmann, PC, Landover, MD, Counsel for Debtor.

## DECISION RE SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

S. MARTIN TEEL, JR., Bankruptcy Judge.

Under consideration is the trustee's objection to debtor's exemption of Privacy Act and National Rehabilitation Act suit (Docket Entry ("DE") No. 30, filed October 23, 2003). The parties appeared before the court at a hearing on this matter on February 4, 2004. The court will sustain the trustee's objection.

### A.

The debtor, Lewis, filed amended schedules on October 14, 2003 (DE No. 26). On schedule C, Lewis claimed an exemption of a lawsuit against the United States Postal Service in the amount of $992,375. Lewis claimed this exemption pursuant to

D.C.Code Ann. § 15–501(a)(11)(D), which, in pertinent part, provides:

> The following property of the head of a family or householder residing in the District of Columbia ... is free and exempt from distraint, attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia: ...
>
> (11) the debtor's right to receive property that is traceable to:
>
> (D) a payment, including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent ....

The District of Columbia exemption statute closely resembles the exemptions permitted by 11 U.S.C. § 522(d). However, § 15–501(a)(11)(D) only partially resembles 11 U.S.C. § 522(d)(11)(D), which exempts:

> the debtor's right to receive, or property that is traceable to—
>
> ...
>
> (D) a payment, not to exceed $17,425, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent ....

The differences between the statutes are significant.[1] A close examination of the District's statute, however, reveals that it fails to create any cognizable exemption. On its face, the statute exempts "the debtor's right to receive property that is traceable to ... **a payment ... of the debtor**."

---

1. Disregarding the use of a colon instead of dashes at the end of its introductory clause, § 15–501(a)(11)(D) is identical to § 522(d)(11)(D) except for striking out certain words and commas as follows:

> the debtor's right to receive, ~~or~~ property that is traceable to—

> ...
>
> (D) a payment, ~~not to exceed $17,425, on account of personal bodily injury, not~~ including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent ....

As it is written, this provision is gibberish and exempts nothing. Nonetheless, the trustee and the debtor have advanced a number of arguments as to how the statute should be interpreted.

## B.

◼ Lewis argues that the word "of" in the phrase "a payment ... of the debtor" really means "to." However, this court is not in a position to change the language of the statute to create an exemption where the statute, as written, creates none. Moreover, changing the language of the statute as Lewis urges would mean that a debtor may exempt her "right to receive property traceable to ... a payment ... to the debtor," clearly a result that could not have been intended because it would allow a debtor to exempt all property traceable to payments made to her without any limitation as to the character of the payments. A debtor is allowed to exempt certain property in order to ensure that she has enough assets when she emerges from bankruptcy to make a "fresh start." *See, e.g., In re Kolich,* 328 F.3d 406 (8th Cir. 2003). Lewis's reading of the statute, by allowing a debtor to exempt all property traceable to payments made to her, would allow the exemption to swallow the rule!

## C.

Lewis additionally argues that in enacting § 15–501(a)(11)(D), the District of Columbia Legislature was borrowing from 11 U.S.C. § 522(d)(11)(D) and that by omitting the $17,425 cap and the phrase "on account of personal bodily injury," the legislature intended to allow an unlimited exemption in the debtor's right to receive payment for injury (whether or not such injury was a "bodily injury").[2] Lewis thus interprets the statute as allowing a debtor to exempt, without any monetary cap, any payment the debtor receives on account of injury, whether that injury results in bodily or psychological harm. Accordingly, Lewis interprets the exemption as including payments made to a debtor for pain and suffering or compensation for actual pecuniary loss.

The debtor's speculation as to what the legislature intended is just that. Assuming that Lewis's initial premise of what the legislature intended (that it was trying to mimic to some extent § 522(d)(11)(D)) is correct, there are several other equally persuasive speculative explanations. One could speculate that the legislature simply intended to copy 11 U.S.C. § 522(d)(11)(D) verbatim but that a scrivener's error occurred.[3] One could speculate that the leg-

---

**2.** Lewis's argument in this regard contradicts his previous argument: if § 522(d)(11)(D) was being copied, then the word "of" ought to remain the same and not be changed to the word "to." The word "of" as used in § 522(d)(11)(D) refers to a category of injury of the debtor or a dependent of the debtor. In contrast, the D.C. statute is silent regarding what the "of" in § 15–501(a)(11)(D) refers to, leaving that to guesswork.

**3.** The court notes that the introductory clause of § 15–501(a)(11) ("the debtor's right to receive property that is traceable to") does not match the introductory clause of § 522(d)(11) ("the debtor's right to receive, **or** property that is traceable to" (emphasis added)). As thus written, the most natural reading of

§ 15–501(a)(11) is that it allows a debtor to exempt a **right** to receive property traceable to certain types of payments, but not to exempt the right to receive the payment, or even to exempt the payment once it is in the hands of the debtor! If that was not the legislature's intention, it ought to clarify what it did intend.

The court has nevertheless assumed, without deciding, that § 15–501(a)(11) can be read as allowing an exemption of the types of payments listed in paragraphs (A) through (E) by assuming that the omission of the word "of" from the introductory clause of § 15–501(a)(11) was a scrivener's error. However, if the court engages in that assumption, it is equally plausible to assume that the omission

islature intended only to lift the monetary cap, and that the other alterations of § 522(d)(11)(D) were made in error. One could also speculate that the legislature intended to increase or decrease the monetary cap, or to limit the exemption to payments on account of a narrower or broader category of injury of the debtor, and failed to write in the new cap or type of injury. The possibilities are numerous and it is impossible, from the language of the statute, to determine what exemption the legislature intended to allow. Because there was no legislative history to § 15–501(a)(11)(D), the court cannot resort to legislative history to supply the answer.

### D.

The court does not believe it is in a position to fabricate an exemption where the statute's plain language creates no cognizable exemption. The court cannot rewrite the statute. The court thus finds that § 15–501(a)(11)(D) does not create any exemption. If the legislature intended to enact a provision creating an exemption similar to the one provided in 11 U.S.C. § 522(d)(11)(D), it must amend D.C.Code. Ann. § 15–501(a)(11)(D) to make such an exemption, and make clear what is being exempted instead of leaving it to guesswork.

■ As observed in *Lamie v. United States,* —— U.S. ——, ——, 124 S.Ct. 1023, 1034, 157 L.Ed.2d 1024 (2004):

If [the legislature] enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. "It is beyond our province to rescue [the legislature] from its drafting errors, and to provide for what we might think . . . is the preferred result." *United States v. Gran-*

*derson,* 511 U.S. 39, 68, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994) (concurring opinion).

What the debtor seeks:

is not a construction of a statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope. To supply omissions transcends the judicial function.

*Iselin v. United States,* 270 U.S. 245, 250–51, 46 S.Ct. 248, 70 L.Ed. 566 (1926); *see also Moore v. Gaither,* 767 A.2d 278, 279–80 (D.C.2001) (quoting *Iselin* ); *Chase v. District of Columbia Alcoholic Beverage Control Bd.,* 669 A.2d 1264, 1268–69 (D.C. 1995) (quoting *Iselin*); *Crooks v. Harrelson,* 282 U.S. 55, 60, 51 S.Ct. 49, 50, 75 L.Ed. 156 (1930) (when a statute produces an absurd result, "the remedy lies with the law making authority, and not with the courts."). Although a court should give effect to every clause and word of a statute if possible, *see Chickasaw Nation v. United States,* 534 U.S. 84, 93, 122 S.Ct. 528, 151 L.Ed.2d 474 (2001), the court can give no effect to § 15–501(11)(D) because the legislature has failed to specify the source of the payment that is to be exemptible.

While the court could add omitted words to the statute if the court could divine what those words were, from the structure of the statute, from any legislative history, or from other interpretive guide, the court has no way of divining the legislature's intent here: the structure of the statute does not supply an answer, there is no legislative history, and the debtor has pointed to no other interpretive guide that makes it possible to divine the legislature's intent. Although the statute must have been meant to refer to payment arising

in § 15–501(a)(11)(D) of words contained in § 522(d)(11)(D) (specifically, the words "not to exceed $17,425, on account of personal

bodily injury, not") was similarly a scrivener's error.

from some harm visited upon the debtor (as is evident from the clause "of the debtor" and the clause "including pain and suffering or compensation for actual pecuniary loss"), the District legislature failed to indicate precisely what would occasion a payment for which an exemption could be claimed. Were the court to decide on what words to add, that would be judicial legislation based on sheer guesswork.

### E.

The Bankruptcy Code authorizes debtors to exempt property specified in 11 U.S.C. § 522(d), unless applicable state law specifically prohibits the debtor from opting to use the federal exemptions. *See* 11 U.S.C. § 522(b)(1). Debtors in the District of Columbia may opt to exempt property under the District of Columbia statute or the Bankruptcy Code, but not both. *See In re McDonald,* 279 B.R. 382, 384 (Bankr.D.D.C.2002). The debtor in this case cannot be permitted to take language from the federal statute and append it to the District of Columbia statute in order to create a favorable exemption and obtain "the best of both worlds."

The court's order follows.